BIBERSTINE v WOODWORTH

Docket No. 61399. Decided May 1, 1979. On application by plaintiff for leave to appeal the Supreme Court, in lieu of granting leave to appeal, affirmed the judgment of the Court of Appeals.

Crane M. Biberstine brought an action against James F. Woodworth for malpractice in performing legal services. In filing the plaintiff's petition for personal bankruptcy, the defendant failed to schedule a debt owed by the plaintiff to the Motor Vehicle Accident Claims Fund, although the plaintiff attempted several times to have him do so, with the result that the debt was not included in the discharge in bankruptcy. The Huron Circuit Court, Paul R. Mahinske, J., granted an accelerated judgment for the defendant on the ground that the last date of service was when an amended petition in bankruptcy was filed and that more than two years elapsed after that and after the plaintiff discovered the malpractice before the action was brought. The Court of Appeals, T. M. Burns, P.J., and W. R. Brown, J. (R. B. Burns, J., concurring in the result), reversed, holding that the malpractice, if it was malpractice, occurred when the defendant failed to schedule the debt within a reasonable time after he was requested to do so, and that whether this was malpractice and when it occurred were questions for the trier of fact (Docket No. 31073). On application by the plaintiff for leave to appeal, the Supreme Court *held:*

The statute of limitations started to run at the time the plaintiff was discharged in bankruptcy. Until then the defendant could have petitioned the bankruptcy court to amend the petition, and the plaintiff would not have had a claim for malpractice.

Affirmed and remanded.

81 Mich App 705; 265 NW2d 797 (1978) affirmed.

*Keller & Katowsky, P.C.,* for plaintiff.

*Woodworth & Woodworth* for defendant James F. Woodworth.

PER CURIAM. We are asked to decide when the statute of limitations[1] begins to run in a malpractice case involving an attorney's inaction in failing to schedule a debt owed by this plaintiff in a petition for personal bankruptcy. The circuit court granted an accelerated judgment for the defendant after it found the statute of limitations had run. The Court of Appeals reversed[2] and we affirm, finding the statute of limitations starts to run at the time the plaintiff is discharged in bankruptcy.

The plaintiff retained the defendant to file a personal bankruptcy in 1970. The original petition was filed in the bankruptcy court on March 17, 1971, and amended on April 19, 1971. Neither petition scheduled a debt owed by the plaintiff to the Michigan Motor Vehicle Accident Claims Fund. The plaintiff attempted several times to have the defendant schedule this debt, including the filing of a request for investigation with the State Bar Grievance Board on November 22, 1971. The plaintiff received his discharge in bankruptcy on September 25, 1972, but it did not include the debt to the Michigan Motor Vehicle Accident Claims Fund. This suit was filed December 26, 1973.

Both parties agree that the applicable statute of limitations is two years[3] and that the accrual of the claim is governed by MCL 600.5838; MSA 27A.5838 before its amendment by 1975 PA 142. In dealing with the statute, in *Dyke v Richard,* 390 Mich 739, 747; 213 NW2d 185 (1973), we held:

"[A]n action based on malpractice by a state licensed person must be brought within two years of the time

---

[1] MCL 600.5805(3); MSA 27A.5805(3).

[2] 81 Mich App 705; 265 NW2d 797 (1978).

[3] MCL 600.5805(3); MSA 27A.5805(3).

when such person discontinues treating or otherwise serving the plaintiff, or within two years of the time when the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, the asserted malpractice, whichever is later."

Applying this standard, the circuit court held the last date of service to be April 19, 1971 (when the bankruptcy petition was amended) and the date of the plaintiff's knowledge of the asserted malpractice to be November 22, 1971 (the date of filing the request for investigation with the State Bar Grievance Board). Consequently, it concluded the two years had expired.

The Court of Appeals concluded that when the negligence of an attorney consists of delay or inaction,[4] a client's cause of action accrues at the time when it can be said that the attorney has had a reasonable time to act but has failed to do so. The alleged malpractice accrued when the defendant failed to schedule the debt within a reasonable time after having been requested to do so by his client. The Court of Appeals held that whether the plaintiff could have discovered the asserted malpractice within the two-year limitation period is a question of fact to be decided by the trier of fact. Therefore the circuit court erred in ruling that the plaintiff's claim was barred by the statute of limitations on the basis of the present record.

We concur in the result reached by the Court of Appeals. We hold that the statute of limitations starts to run at the time the plaintiff was discharged in bankruptcy. Until then, the defendant could have petitioned the bankruptcy court to amend the petition, and the plaintiff would not have had a claim for malpractice.

---

[4] Anno: *When Statute of Limitations Begins to Run Upon Action Against Attorney for Malpractice,* 18 ALR3d 978, 1002-1005.

Affirmed and remanded for proceedings consistent with this opinion.

COLEMAN, C.J., and KAVANAGH, WILLIAMS, LEVIN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred.