LUICK v RADEMACHER

Docket No. 64276. Submitted March 9, 1983, at Lansing.—Decided
    October 24, 1983.

Plaintiff, Duane D. Luick, brought an action in the Washtenaw
    Circuit Court on January 29, 1982, alleging legal malpractice
    by defendant, William J. Rademacher. The trial court, Henry
    T. Conlin, J., granted the defendant's motion for an accelerated
    judgment based on the expiration of the two-year period of
    limitations for such actions. The alleged malpractice arose as a
    result of the plaintiff's employment of the defendant in a
    divorce action. During the course of such action, on October 26,
    1979, the plaintiff discharged the defendant and retained the
    services of another attorney. Plaintiff appeals from the order
    granting the accelerated judgment alleging that his cause of
    action did not accrue until July 28, 1981, when the Michigan
    Supreme Court denied his application for leave to appeal in the
    underlying divorce action. *Held:*

    1. Until the client suffers appreciable harm as a consequence
    of his attorney's negligence, the client cannot establish a cause
    of action for malpractice. The cause of action arises, however,
    before the client sustains all, or even the greater part, of the
    damages occasioned by his attorney's negligence. Any apprecia-
    ble and actual harm flowing from the attorney's negligent
    conduct establishes a cause of action upon which the client may
    sue. Indeed, once having discovered his attorney's negligence
    and having suffered some damage, the client must institute his
    action within the time prescribed in the statute of limitations
    or he will be barred from thereafter complaining of his attor-
    ney's conduct.

    2. Based on the allegations of plaintiff's complaint, he suf-

REFERENCES FOR POINTS IN HEADNOTES

[1, 4, 5] 7 Am Jur 2d, Attorneys at Law § 221.
    What statute of limitations governs damage action against attorney
        for malpractice. 2 ALR4th 284.
    When statute of limitations begins to run upon action against
        attorney for malpractice. 18 ALR3d 978.
[2] 51 Am Jur 2d, Limitation of Actions § 102.
[3] 74 Am Jur 2d, Torts § 7.

fered identifiable and appreciable harm as a result of defendant's alleged misconduct, in substantial part, prior to or at the time of defendant's discharge as counsel for plaintiff.

3. Because plaintiff both knew of the alleged malpractice and sustained identifiable and appreciable harm as a consequence thereof in 1979, his malpractice action commenced in 1982 was barred by the two-year statute of limitations. The motion for accelerated judgment was correctly granted.

Affirmed.

1. ATTORNEY AND CLIENT — LEGAL MALPRACTICE — LIMITATION OF ACTIONS.

An action for legal malpractice must be brought within two years of the date the last service is performed or within six months after plaintiff discovers or should have discovered the existence of the claim, whichever is later (MCL 600.5805[4], 600.5838; MSA 27A.5805[4], 27A.5838).

2. TORTS — ACCRUAL OF ACTIONS.

Tort actions accrue only when all the necessary elements of a cause of action have occurred and can be alleged in a proper complaint; a tort claim does not exist, cannot be asserted, and does not accrue so as to trigger the running of the statute of limitations until the plaintiff suffers damages.

3. TORTS — ACCRUAL OF ACTIONS — LOSS.

It is the fact of identifiable and appreciable loss, and not the finality of monetary damages, that gives birth to a cause of action for a tort.

4. ATTORNEY AND CLIENT — LEGAL MALPRACTICE — CAUSE OF ACTION.

A client cannot establish a cause of action for legal malpractice until the client suffers appreciable harm as a consequence of his attorney's negligence; the cause of action arises before the client sustains all, or even the greater part, of the damages occasioned by his attorney's negligence, since any appreciable and actual harm flowing from the attorney's negligent conduct establishes a cause of action upon which the client may sue.

5. ATTORNEY AND CLIENT — LEGAL MALPRACTICE — CAUSE OF ACTION — LIMITATION OF ACTIONS.

A client must institute his action for legal malpractice within the time prescribed in the statute of limitations once he discovers his attorney's negligence and suffers some damage as a result thereof, or he will be barred from thereafter complaining of his attorney's conduct.

*Tucker, Barbour & Mack* (by *Milton L. Mack, Jr.*), for plaintiff.

*William J. Rademacher, Pro Se.*

Before: M. J. KELLY, P.J., and GRIBBS and R. L. TAHVONEN,* JJ.

R. L. TAHVONEN, J. In this legal malpractice action, plaintiff appeals as of right from an order of the trial court granting defendant's motion for accelerated judgment based on the expiration of the period of limitation.

Plaintiff's complaint alleged that he employed defendant in 1979 to act as his attorney in a divorce action; that on July 31, 1979, defendant placed on the record a settlement agreement to which plaintiff had not consented; and that the defendant failed to properly prepare for trial in the matter and, as a consequence, the settlement was extremely unfavorable.

On October 26, 1979, plaintiff discharged defendant and retained the services of another attorney who unsuccessfully attempted to have the consent judgment set aside at the trial court level. The trial court denied the motion on November 29, 1979. Plaintiff's appeal to this Court was similarly unsuccessful. *Luick v Luick* (Docket No. 47295, decided January 26, 1981 [unreported]). The Supreme Court denied his application for leave on July 28, 1981. 411 Mich 1021 (1981).

On January 29, 1982, plaintiff commenced this action. Defendant moved for an accelerated judgment asserting that plaintiff's claim was barred by the statute of limitations. GCR 1963, 116.1(5). The trial court agreed and ruled that plaintiff's cause of action accrued when plaintiff discovered defen-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

dant's alleged malpractice prior to defendant's discharge in 1979. Therefore, the court held that the two-year period of limitation expired prior to the filing of plaintiff's complaint in 1982.

An action for legal malpractice must be brought within two years of the date the last service is performed or within six months after plaintiff discovers or should have discovered the existence of the claim, whichever is later. MCL 600.5805(4), 600.5838; MSA 27A.5805(4), 27A.5838; *Goodwin v Schulte,* 115 Mich App 402; 320 NW2d 391 (1982).

Plaintiff admits that defendant performed no services on his behalf after October 26, 1979, and that he was aware of defendant's misconduct in 1979. Nonetheless, plaintiff says his cause of action did not accrue until the Supreme Court denied his application for leave in the underlying divorce action. He claims that it was not until then that the nature and extent of the damages he suffered as a result of defendant's malpractice became fixed.

It is true, as plaintiff contends, that tort actions accrue only when all the necessary elements of a cause of action have occurred and can be alleged in a proper complaint. *Connelly v Paul Ruddy's Equipment Repair & Service Co,* 388 Mich 146, 150; 200 NW2d 70 (1972). Until a plaintiff suffers damages, a tort claim does not exist, cannot be asserted and, therefore, does not accrue so as to trigger the running of the statute of limitations. *Connelly, supra,* p 151.

It is, however, the fact of identifiable and appreciable loss, and not the finality of monetary damages, that gives birth to the cause of action. Although Michigan courts have not had occasion to decide when a legal-malpractice plaintiff's losses are sufficiently definite to trigger the statute of limitations where affirmative negligence is al-

leged,[1] *cf. Biberstine v Woodworth,* 406 Mich 275, 277; 278 NW2d 41 (1979) (negligence arising out of delay or inaction), the California Supreme Court has addressed the question. In *Budd v Nixen,* 6 Cal 3d 195; 98 Cal Rptr 849; 491 P2d 433 (1971), it was alleged that defendant attorney caused plaintiff to incur personal liability in an earlier proceeding by handling plaintiff's defense in a negligent fashion. During the earlier action, plaintiff obtained a new attorney who unsuccessfully sought to avoid the consequences of defendant's actions at the trial court level and on appeal. In discussing when plaintiff's cause of action arose, the court stated the following:

"The mere breach of a professional duty, causing only nominal damages, speculative harm, or the threat of future harm—not yet realized—does not suffice to create a cause of action for negligence. Hence, until the client suffers appreciable harm as a consequence of his attorney's negligence, the client cannot establish a cause of action for malpractice. Prosser states the proposition succinctly, 'It follows that the statute of limitations does not begin to run against a negligence action until some damage has occurred.' (Prosser, Torts [4th ed], § 30, p 144.)

"The cause of action arises, however, before the client sustains all, or even the greater part, of the damages occasioned by his attorney's negligence. Any appreciable and actual harm flowing from the attorney's negligent conduct establishes a cause of action upon which the client may sue.

"Indeed, once having discovered his attorney's negligence and having suffered some damage, the client

[1] *Parisi v Michigan Twps Ass'n,* 123 Mich App 512; 332 NW2d 587 (1983), does not provide an answer to the question now before us. In *Parisi,* termination of the underlying criminal proceedings in the plaintiff's favor was a necessary element of the civil cause of action for malicious prosecution. In this case, a cause of action for malpractice could well exist regardless of the outcome of post-judgment proceedings in the underlying case.

must institute his action within the time prescribed in the statute of limitations or he will be barred from thereafter complaining of his attorney's conduct." 6 Cal 3d 200-201; 98 Cal Rptr 852-853; 491 P2d 436-437. (Citations and footnote omitted.)

In our opinion, the approach taken in *Budd, supra,* is consistent with the rules governing the accrual of actions with respect to other types of claims alleging tortious injury to the person, *Connelly, supra,* pp 151-152, and represents the most workable standard for determining when a plaintiff's cause of action accrues in a legal malpractice action.

In the present case plaintiff knew of his attorney's alleged misconduct shortly after his attorney entered into the consent judgment without plaintiff's approval. Plaintiff's complaint asserted that as a result of the defendant's actions, he suffered mental anguish and anxiety; was damaged by the loss of the use of his real and personal property from the time that the consent judgment was entered; and that he was required to retain substitute counsel to pursue post-judgment remedies. Based on the allegations of plaintiff's own complaint, he suffered identifiable and appreciable harm as a result of his attorney's alleged misconduct well in advance of the time that the Supreme Court denied his application for leave to appeal in the divorce action. Further, these damages occurred, in substantial part, prior to or at the time of defendant's discharge as counsel for plaintiff. At that point, plaintiff therefore both knew of the alleged malpractice and had sustained appreciable harm as a proximate result of it. Subsequent success in having the consent judgment set aside by the trial or appellate courts may have reduced future damages, but would not have eliminated

prior losses or abolished plaintiff's cause of action. Because plaintiff both knew of the alleged malpractice and sustained identifiable and appreciable harm as a consequence thereof in 1979, his action commenced in 1982 was barred by the two-year statute of limitations.

The trial court correctly granted defendant's motion for accelerated judgment. The decision of that court is affirmed. Costs to appellee.