GOJCAJ v MOSER

Docket No. 75594. Submitted December 20, 1984, at Detroit.—Decided
    February 19, 1985. Leave to appeal applied for.

Plaintiffs, Age Gojcaj and her husband, Rok Gojcaj, brought an
    action for malpractice against defendant, George B. Moser,
    M.D. Prior to the case's being submitted to mediation defen-
    dant made a settlement offer, and thereafter filed a motion for
    summary judgment alleging that plaintiffs had accepted the
    settlement and that mediation had been dismissed. Plaintiffs
    thereafter filed a motion to reinstate mediation, alleging that
    no settlement had been agreed to. Ultimately, the Oakland
    Circuit Court, Fred M. Mester, J., granted defendant's motion
    for summary judgment, holding that the settlement was valid.
    Plaintiffs appeal. *Held:*

    1. The proper motion should have been one for accelerated
    judgment rather than summary judgment. However, mislabel-
    ing of the motion will not prevent the Court of Appeals from
    considering the issues.

    2. The trial court erroneously concluded that plaintiffs were
    claiming mistake as to the settlement agreement. Plaintiffs
    were actually claiming that no agreement had ever been en-
    tered into. The facts are in dispute regarding whether plaintiffs
    had authorized their attorney to enter into a settlement.

    3. There is also a factual question as to whether the settle-
    ment agreement was, in fact, entered into, and as to whether
    Age Gojcaj was mentally competent to enter into a settlement
    agreement.

    4. There was no evidence of a written agreement signed by
    the plaintiffs or their attorney. Because several factual issues
    are present, the granting of a judgment in favor of defendant
    was error.

    Reversed and remanded with instructions regarding costs.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 73 Am Jur 2d, Summary Judgment §§ 16, 26, 27.
[3] 7 Am Jur 2d, Attorneys at Law §§ 156, 157.
    Authority of attorney to compromise action. 30 ALR2d 944.
[4] 61A Am Jur 2d, Pleading § 174 *et seq.*
[5] 15A Am Jur 2d, Compromise and Settlement § 23.
[6] 15A Am Jur 2d, Compromise and Settlement § 25.

1. JUDGMENTS — ACCELERATED JUDGMENT — FACTUAL DISPUTE.

   Accelerated judgment is proper only if no material factual dispute exists between the parties regarding the circumstances which provide the basis for accelerated judgment and, where the plaintiff has demanded a jury trial, an accelerated judgment should be granted only if the trial court can properly conclude as a matter of law that the plaintiff's claim is barred (GCR 1963, 116.3).

2. JUDGMENTS — ACCELERATED JUDGMENT — FACT-FINDING.

   A court, in deciding a motion for accelerated judgment, is to accept all well-pled allegations of the nonmoving party as true; if the court engages in fact-finding its decision must be reversed.

3. ATTORNEY AND CLIENT — COMPROMISE OF CLAIM.

   An attorney has no power by virtue of his general retainer to compromise his client's cause of action; only precedent special authority or subsequent ratification will make such a compromise binding on the client.

4. PLEADING — TRIAL — ADMISSIONS.

   A statement is a judicial admission only if it is made by a party or his attorney during the course of trial and is a distinct, formal, solemn admission which is made for the express purpose of dispensing with proof of that particular fact at trial; statements in pleadings are admissions (GCR 1963, 606).

5. CONTRACTS — AGREEMENT TO SETTLE.

   An agreement to settle a pending lawsuit is a contract which is to be governed by the legal principles generally applied to the interpretation and construction of contracts.

6. CONTRACTS — PARTIES — BINDING AGREEMENT.

   An agreement between the parties to a cause or their attorneys is not binding unless in writing subscribed by the party against whom the agreement is asserted or that party's attorney or unless the agreement has been made in open court (GCR 1963, 507.9).

*George G. Newman, P.C.* (by *George G. Newman* and *Patricia A. McKanna),* for plaintiffs.

*Parenti & Treinen, P.C.* (by *Robert L. Bunting),* for defendant.

Before: BRONSON, P.J., and HOOD and SHEPHERD, JJ.

SHEPHERD, J. Plaintiffs filed this malpractice action on August 24, 1982. The case was set for mediation on July 20, 1983. Before the mediation date, defendant made a $2,000 settlement offer. On September 2, 1983, defendant filed a "motion for summary judgment", alleging that plaintiffs had accepted defendant's offer and that plaintiffs' attorney had acknowledged such settlement. On December 6, 1983, the circuit judge granted the motion and adjudged the settlement to be valid. Plaintiffs appeal as of right.

On August 10, 1983, after the alleged settlement had been entered into, plaintiffs filed a motion to reinstate mediation. The motion, which was supported by plaintiffs' attorney's affidavit, stated in part:

"3. That an offer of settlement was made by the defendant in this matter and plaintiffs represented to counsel that they would accept the offer as full settlement and the mediation was dismissed.

"4. That plaintiffs have decided that the settlement offer is not sufficient and are desirous of proceeding to trial in this case.

"5. That plaintiffs will be obtaining other counsel and successor counsel will be proceeding in this matter but the mediation should be re-scheduled since the case is not dismissed.

"Wherefore, plaintiffs respectfully request that this honorable court re-schedule this matter for mediation as the case is not settled."

On September 2, 1983, defendant filed his motion for summary judgment, alleging that the case was settled and, therefore, no genuine issue as to any material fact remained and he was entitled to

judgment as a matter of law. On October 4, 1983, before defendant's motion was heard, the circuit judge granted plaintiffs' motion to reinstate mediation.

Plaintiffs allegedly speak very little English. A breakdown in communication developed between the plaintiffs and the law firm which was representing them. On November 2, 1983, the trial court entered an order granting plaintiffs' first attorney's motion to withdraw. The same day, the court ruled that plaintiffs had until November 11 to respond to defendant's motion for summary judgment. The court also indicated that it would grant the defendant's motion with prejudice and with costs if plaintiffs did not comply.

On November 18, 1983, plaintiffs' new attorney entered an appearance. Twelve days later, the court heard defendant's motion for entry of summary judgment. The court ordered the plaintiffs to pay $550 in "costs". Plaintiffs stated that their former attorney lacked authority to enter into a settlement, that the settlement was not embodied in a written agreement, and that they had never even accepted the offer of settlement. The brief was supported by an affidavit of Rok Gojcaj which stated that he and his wife had declined to accept the offer and that his wife was not competent to settle her rights in the lawsuit at the time of the alleged agreement. The trial court stated as follows:

"Plaintiffs insist that they did not accept an offer of settlement. Plaintiffs apparently contend that there was a mistake in their accepting the settlement offer. This allegation rests on the fact that plaintiffs do not speak or understand English. However, plaintiffs' motion to reinstate mediation, brought by their former counsel, Samuel A. Meklir, contained a statement by Meklir that 'plaintiffs represented to counsel that they would

accept the offer as full settlement and the mediation was dismissed.' This statement is clear, unambiguous, and supported by affidavit. Such a settlement will only be set aside by the court on a showing of mistake, fraud, duress or unconscionable advantage. *Miller v McGinnis,* 285 Mich 28 [280 NW 96] (1938). Plaintiffs have presented no reason why this settlement should be set aside. Plaintiffs' assertion that they 'could not, and should not be expected to, understand the full meaning of a proposed settlement * * *' is without merit. Plaintiffs' counsel explained the settlement offer to them through an interpreter."

We first note that defendant's motion should have been labeled "motion for accelerated judgment". GCR 1963, 116.1(5). "However, mislabeling of the motion will not prevent our consideration of the question." *Witucke v Presque Isle Bank,* 68 Mich App 599, 604, fn 2; 243 NW2d 907 (1976), *lv den* 397 Mich 842 (1976).

Accelerated judgment is proper only if no material factual dispute exists between the parties regarding the circumstances which provide the basis for accelerated judgment. *Kropff v City of Monroe,* 128 Mich App 450, 452; 340 NW2d 119 (1983). When plaintiff has demanded a jury trial, accelerated judgment should be granted only if, based on the undisputed facts, the trial court can properly conclude as a matter of law that the plaintiff's claim is barred because of earlier disposition of the claim. GCR 1963, 116.3; *Wallisch v Fosnaugh,* 126 Mich App 418, 424; 336 NW2d 923 (1983), *lv den* 418 Mich 871 (1983). If a court, in ruling on a motion for accelerated judgment, engages in fact-finding reversal is required. *Kropff, supra.* In deciding a motion for accelerated judgment, the court is to accept all well-pleaded allegations of the nonmoving party as true. Affidavits submitted by either party may be considered by the court. *Wallisch, supra.*

The trial court concluded that plaintiffs were claiming mistake as a defense to the settlement agreement and that the facts asserted by the plaintiffs did not establish mistake. This conclusion was error. The plaintiffs actually claimed that they never entered into an agreement. Plaintiff Rok Gojcaj's affidavit stated that they had specifically declined to accept the agreement.

An attorney has no power by virtue of his general retainer to compromise his client's cause of action. Precedent special authority or subsequent ratification is necessary to make such a compromise valid and binding on the client. *Henderson v Great Atlantic & Pacific Tea Co,* 374 Mich 142, 147; 132 NW2d 75 (1965); *Michigan National Bank of Detroit v Patmon,* 119 Mich App 772, 775; 327 NW2d 355 (1982). In this case, the facts in regard to ratification and precedent special authority are in dispute. Plaintiff Rok Gojcaj stated in his affidavit that plaintiffs neither ratified the agreement nor gave precedent special authority to their attorney to enter into it.

The trial court also concluded from their former attorney's statements in the motion to reinstate mediation that plaintiffs had admitted that they entered into an agreement. The motion contained a statement that "plaintiffs represented to counsel that they would accept the offer as full settlement and the mediation was dismissed". However, plaintiff Rok Gojcaj's affidavit directly contradicts that assertion. Thus, unless the attorney's admission is binding on plaintiffs, a factual issue exists as to whether they actually entered into the agreement. A statement is a judicial admission only if it is a statement made by a party or his attorney during the course of trial, and is a distinct, formal, solemn admission which is made for the express purpose of dispensing with formal proof of that

particular fact at trial. *Ortega v Lenderink,* 382 Mich 218, 222-223; 169 NW2d 470 (1969); *Michigan Health Care, Inc v Flagg Industries Inc,* 67 Mich App 125, 129; 240 NW2d 295 (1976). See also, GCR 1963, 606, treating statements in pleadings as admissions. A motion is not a pleading. GCR 1963, 110.

In addition, plaintiffs allege that plaintiff Age Gojcaj lacked the capacity to enter into a settlement agreement. An agreement to settle a pending lawsuit is a contract which is to be governed by the legal principles which are generally applicable to the interpretation and construction of contracts. *Scholnick's Importers-Clothiers, Inc v Lent,* 130 Mich App 104, 109; 343 NW2d 249 (1983). " '[C]ontracts or conveyances of mentally-incompetent persons made prior to an adjudication of mental incompetency are voidable.' " *Brown v Khoury,* 346 Mich 97, 99; 77 NW2d 336 (1956) (citations omitted). Thus, even if plaintiffs had entered into an agreement, the factual question of capacity would remain.

More importantly, GCR 1963, 507.9 states:

"No private agreement or consent between the parties to a cause, or their attorneys respecting the proceedings in a cause which is denied by either party, is binding, unless the same has been made in open court, or unless evidence thereof is in writing subscribed by the party or his attorney against whom the same is alleged."

The above rule "indicates that agreements are not binding unless in writing subscribed by the party against whom the agreement is asserted or that party's attorney *or unless the agreement has been made in open court".* *Scholnick's, supra,* p 109 (emphasis in original); See also, *Rossi v Transamerica Car Leasing Co,* 138 Mich App 807; 360 NW2d 307 (1984), *Kline v Kline,* 92 Mich App 62, 71-72; 284 NW2d 488 (1979). In the present case,

plaintiffs denied the existence of a settlement agreement. No settlement or agreement to settle was made in open court. Thus, no alleged settlement agreement is binding on plaintiffs unless the settlement terms are in a writing subscribed by plaintiffs or their attorney. Defendant presented no such evidence below. The motion for reinstatement of mediation is insufficient in this respect since it does not contain the terms of the agreement. Until plaintiffs or their attorney signed such a writing or the settlement was made in open court, they were free to disavow the alleged oral agreement.[1]

Accordingly, the order granting judgment to defendant is reversed, and the cause remanded to the trial court. The order reinstating mediation shall be reinstated. We decline plaintiffs' invitation to consider the propriety of the order taxing costs at this time. That issue may be raised in the trial court at the conclusion of all trial proceedings.

If a determination is made that the repudiation of an oral agreement knowingly and competently made by both plaintiffs caused the mediation to be canceled and resulted in costs and attorney fees to defendant, the trial court may properly impose such costs and attorney fees, even though the repudiation itself is lawful and even if plaintiffs prevail at trial. We will not countenance the use of such tactics by parties or their attorneys to frustrate the mediation process and to mislead opposing counsel into believing that a settlement

---

[1] We note that an oral settlement agreement, if proved and undenied, is binding on plaintiffs even though not entered on the court record. *Rossi, supra; Thomas v Michigan Mutual Ins Co,* 138 Mich App 117; 358 NW2d 902 (1984). "[W]here agreement has been expressed on all the essential terms of the contract, the mere fact that the parties manifest an intention to prepare a written memorial of their agreement does not render the oral contract unenforceable merely because the writing is never prepared." *Scholnick's, supra,* p 109.

has been reached.[2] See 3 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 50.

Reversed and remanded.

---

[2] The present record leads us to believe that the repudiation was not the fault of counsel for plaintiffs.