DOWKER v PEACOCK

Docket No. 84605. Submitted April 8, 1986, at Grand Rapids. Decided June 17, 1986.

James Dowker, a residential building contractor, built a house for Wayne Harding. Mr. Harding failed to pay for the work done, and Dowker retained John Peacock, an attorney, to file suit against Harding seeking the recovery of money damages. In February, 1980, a lien against the Harding property was filed, and on the same day, Peacock commenced a circuit court action against Harding. The lien, which was defective, was subsequently withdrawn, but the lawsuit against Harding continued. By letter dated March 1, 1982, Dowker informed Peacock that he no longer wished for Peacock to represent him, being dissatisfied because the scheduled trial date had been postponed twice due to unpreparedness. Peacock responded by agreeing that he would no longer represent Dowker. Dowker than hired another attorney to continue the case against Harding. Prior to trial in the case, however, Harding filed for bankruptcy, listing Dowker as an unsecured creditor. The circuit court trial was halted and removed from the calendar without conclusion. James Dowker then filed suit against John Peacock and Platt, Peacock & Lantzy, P.C., in Chippewa Circuit Court alleging legal malpractice against the defendants. The trial court, Nicholas J. Lambros, J., made several findings of fact and granted accelerated judgment in favor of defendants on the ground that the period of limitation on the cause of action had expired. Plaintiff appealed. *Held:*

   1. An action for legal malpractice must be brought within two years of the date the attorney discontinues serving the plaintiff or within six months after the plaintiff discovers or should have discovered the existence of the claim, whichever is

REFERENCES

Am Jur 2d, Attorneys at Law §§ 197-236.

Defendant's right to contribution or indemnity from original tort-feasor, legal malpractice. 20 ALR4th 338.

When statute of limitation begins to run upon action against attorney for malpractice. 32 ALR4th 260.

See also the annotations in the ALR3d/4th Quick Index under Malpractice.

later. Dowker relieved defendants of their obligation to him well over two years before he filed the action, but his injury was not certain until Harding filed for bankruptcy on June 15, 1984. This suit was filed on August 9, 1984, less than two months after that date. The claim for malpractice therefore was timely filed, and the circuit court erred in granting accelerated judgment in favor of defendants.

2. The fact that the trial court made numerous explicit findings of fact before granting accelerated judgment to defendants requires reversal in and of itself.

Reversed.

1. ATTORNEY AND CLIENT — LEGAL MALPRACTICE — LIMITATION OF ACTIONS.

An action for legal malpractice must be brought within two years of the date the last service is performed or within six months after the plaintiff discovers or should have discovered the existence of the claim, whichever is later (MCL 600.5805[4], 600.5838; MSA 27A.5805[4], 27A.5838).

2. ATTORNEY AND CLIENT — LEGAL MALPRACTICE — DISCONTINUATION OF SERVICE — LIMITATION OF ACTIONS.

An attorney discontinues serving a client, for purposes of the malpractice statute of limitations, when the attorney is relieved of that obligation either by the client or by a court.

3. ATTORNEY AND CLIENT — LEGAL MALPRACTICE — ACCRUAL OF CAUSE OF ACTION.

A legal malpractice claim accrues only when all the necessary elements of a cause of action have occurred, including damages.

4. ATTORNEY AND CLIENT — LEGAL MALPRACTICE — LIMITATION OF ACTIONS.

The period of limitation on a legal malpractice claim begins to run from the time the result of the attorney's inaction or delay is irremediable.

5. JUDGMENTS — ACCELERATED JUDGMENT — FACT-FINDING.

A court, in deciding a motion for accelerated judgment, is to accept all well-pled allegations of the nonmoving party as true; if the court engages in fact-finding its decision must be reversed.

*Daniel Loznak,* for plaintiff.

*Stroup, Mulhauser & Johnson* (by *Nathaniel W. Stroup*), for defendants.

Before: R. M. MAHER, P.J., and T. M. BURNS and R. H. BELL,* JJ.

PER CURIAM. In this legal malpractice action, the trial court granted defendants' motion for accelerated judgment under GCR 1963, 116.1(5), ruling that the period of limitation had already expired. Plaintiff appeals as of right.

The alleged malpractice arose out of plaintiff's attempts to recover payment from Wayne Harding for construction work done on his home by plaintiff's business. In February, 1980, defendants filed both a claim of lien on the Harding property and a lawsuit against Wayne Harding in circuit court. We have not been apprised of the exact nature of this lawsuit. The lien, which defendants concede was defective, was withdrawn by defendants, apparently in April, 1980, but the lawsuit continued.

By letter dated March 1, 1982, plaintiff informed defendants that he no longer wished for them to represent him, because they had twice adjourned the scheduled trial date due to unpreparedness. Defendants confirmed by letter dated March 3, 1982, that they would no longer represent plaintiff. Plaintiff hired another attorney and the case against Wayne Harding proceeded to trial in June, 1984. However, on June 15, 1984, Wayne Harding filed for bankruptcy, listing Dowker as an unsecured creditor, and the circuit court trial was halted and removed from the calendar without conclusion.

Plaintiff filed his complaint alleging legal malpractice on August 9, 1984.

In Michigan, an action for legal malpractice must be brought within two years of the date the attorney discontinues serving the plaintiff or within six months after the plaintiff discovers or

---

* Circuit judge, sitting on the Court of Appeals by assignment.

should have discovered the existence of the claim, whichever is later. MCL 600.5805(4), 600.5838; MSA 27A.5805(4), 27A.5838, *Luick v Rademacher,* 129 Mich App 803, 806; 342 NW2d 617 (1983).

Plaintiff's argument that his discharge of defendants in March, 1982, was not discontinuation of service for purposes of the statute, because defendant Peacock did not sign a formal consent to substitution of attorneys until August 27, 1982, is unavailing. An attorney discontinues serving, for purposes of this statute, when the attorney is relieved of that obligation either by the client or by a court. *Berry v Zisman,* 70 Mich App 376, 379; 245 NW2d 758 (1976); *Basic Food Industries, Inc v Travis, Warren, Nayer & Burgoyne,*; 60 Mich App 492, 496; 231 NW2d 466 (1975). Plaintiff relieved defendants of that obligation on March 1, 1982, which was well over two years before plaintiff filed this action.

Plaintiff must, therefore, show that he did not or could not have discovered the existence of his claim until after February 9, 1984.

As with other tort actions, a malpractice claim accrues only when all the necessary elements of a cause of action have occurred, including damages. *Luick v Rademacher, supra,* p 806. It is the fact of identifiable and appreciable loss, and not the finality of monetary damages, that gives birth to the cause of action. *Id.*

In *Biberstine v Woodworth,* 406 Mich 275; 278 NW2d 41 (1979), the Court ruled that the period of limitation did not begin to run on the plaintiff's malpractice claim until the suit in which the plaintiff was involved, his own bankruptcy, was terminated. Until then, the defendant attorney could have amended the petition to schedule the debt, omission of which formed the basis of plaintiff's malpractice action. Similarly, in *Zatolokin v*

*Grimm,* 99 Mich App 257; 297 NW2d 900 (1980), lv den 410 Mich 916 (1981), this Court ruled that the period of limitation on the plaintiffs' malpractice claim did not begin until the period of limitation on their underlying claim concerning certain investments had expired without the defendants' taking any action. These cases are in accord with decisions from other jurisdictions which hold that the period of limitation on a malpractice claim begins to run from the time the result of the attorney's inaction or delay is irremediable. See Anno., *When Statute of Limitations Begins to Run Upon Action Against Attorney for Malpractice,* 32 ALR4th 260, 266-267.

It is plaintiff's theory in this case that, even though defendants negligently filed the lien in 1980 and withdrew it without his permission, plaintiff still could have recovered from Wayne Harding through the circuit court lawsuit, or at least acquired a judgment lien, which would have put him in the same position as if he had a valid construction lien. It was only when Wayne Harding filed for bankruptcy, before the lawsuit could be prosecuted to judgment, that the lack of a valid construction lien caused identifiable loss to plaintiff. Therefore, plaintiff argues, his malpractice claim did not mature until June 15, 1984, when Wayne Harding filed for bankruptcy.

Defendants appear to be arguing that the circuit court lawsuit was fatally defective and plaintiff never could have attained a favorable judgment, so his claim accrued as soon as the time limit within which to amend either the lien or the lawsuit complaint had passed, which would have been in 1982.

We have no way of evaluating or verifying defendants' "case-within-the-case" argument. From the record before us, it would be pure speculation

to say that plaintiff never could have prevailed in the lawsuit. If plaintiff had prevailed in the lawsuit against Wayne Harding, he would have no claim of malpractice against defendants for the defective lien, having suffered no injury. *Bourke v Warren,* 118 Mich App 694; 325 NW2d 541 (1982). But when Harding's bankruptcy aborted the lawsuit, the defective lien became decisive. Indeed, until the outcome of the circuit court action was known, it could not be ascertained whether plaintiff had suffered any harm by defendants' negligence regarding the construction lien. Had plaintiff filed a malpractice action against defendants while the lawsuit against Wayne Harding was still in progress, it would have been dismissed as premature. *Sawabini v Desenberg,* 143 Mich App 373, 384; 372 NW2d 559 (1985).

The trial court in this case made numerous explicit findings of fact before granting accelerated judgment to defendants. This was improper, and is in itself grounds for reversal. *Gojcaj v Moser,* 140 Mich App 828, 832; 366 NW2d 54 (1985). In deciding a motion for accelerated judgment, the court is to accept all well-pleaded allegations of the non-moving party as true. *Id.* The court may also consider affidavits submitted by either party. *Id.*

Plaintiff states in his affidavit that, although he knew by early May, 1980, that defendants had withdrawn the construction lien on the Wayne Harding property, defendant Peacock assured him the withdrawal did him no harm because of the circuit court action. Plaintiff's pursuit of an alternative route to recover his claim against Harding is what distinguishes this case from cases like *Luick v Rademacher,* where the plaintiff knew almost immediately that he had definitely suffered a loss through his attorney's negligence, but was fighting to have the judgment set aside.

Plaintiff's injury was not certain until Wayne Harding filed for bankruptcy on June 15, 1984, so plaintiff's claim for malpractice filed less than two months later was timely.

Reversed.