SHAW INVESTMENT COMPANY v ROLLERT

Docket No. 88792. Submitted February 3, 1987, at Lansing. Decided
    April 21, 1987.

Plaintiff, Shaw Investment Company, is a Michigan corporation.
    Defendant E. David Rollert is a practicing Michigan attorney
    and a partner in defendant law firm, Menmuir, Zimmerman,
    Rollert and Kuhn. Prior to October, 1979, Rollert had acted as
    legal counsel for plaintiff for a number of years. In October,
    1979, while still acting as attorney for plaintiff, Rollert per-
    suaded Robert Shaw, one of plaintiff's three board members, to
    enter into a partnership with Rollert and two other individuals.
    Shaw agreed and became a partner in BTRS Properties Man-
    agement & Leasing Company. When BTRS needed additional
    funds, Rollert suggested that plaintiff lend money to BTRS,
    assuring plaintiff that this would be an advantageous business
    investment for it since BTRS would pay a very high rate of
    return on plaintiff's money. Plaintiff was not told by Rollert
    that this rate of interest exceeded the statutory usury limits.
    On October 22, 1979, BTRS executed a demand promissory note
    to plaintiff for $37,000 with a seventeen percent interest rate.
    Rollert prepared and executed the note. When plaintiff de-
    manded payment on the note, BTRS refused. On June 30, 1983,
    plaintiff retained attorney James Stephen, and Stephen filed
    suit against BTRS for plaintiff on the note. Rollert answered the
    complaint, but in February, 1985, Rollert filed a motion to
    amend his answer to add the defense of usury. The motion was
    granted, and on February 6, 1985, Rollert filed his amended
    answer which contained the affirmative defense of usury. On
    July 15, 1985, plaintiff filed the instant legal malpractice suit
    against Rollert and his law firm in the Grand Traverse Circuit
    Court. Defendants filed a motion for summary disposition on

REFERENCES

Am Jur 2d, Attorneys at Law §§ 220, 221.

Am Jur 2d, Interest and Usury §§ 260 *et seq.*

What statute of limitations governs damage action against attorney
    for malpractice. 2 ALR4th 284.

Borrower's initiation of, or fraud contributing to, usurious transac-
    tion as affecting rights or remedies of the parties. 16 ALR3d 510.

See also the annotations in the Index to Annotations under Usury.

the ground that plaintiff's claim was barred by the statute of limitations. Plaintiff's answer to the motion alleged that, since plaintiff filed the legal malpractice action only five months after defendant Rollert asserted the usury defense, plaintiff's suit was not barred. The trial court, William R. Brown, J., ruled that plaintiff in the instant case knew or should have known about the alleged malpractice on June 30, 1983, when it retained Stephen to file suit on the note and that, since plaintiff did not file the instant suit within six months thereafter, nor within two years of the time defendants rendered the last legal services, plaintiff's suit was barred. Summary judgment was granted to defendants. Plaintiff appealed.

The Court of Appeals *held:*

1. An action for malpractice must be brought within two years of the date the last service is performed or within six months after the plaintiff discovers or should have discovered the existence of the claim, whichever is later.

2. Usury is an affirmative defense which is waived if not raised. Plaintiff could not have discovered the malpractice until the usury defense was asserted, on February 6, 1985. Therefore, plaintiff's action was timely filed.

Reversed.

1. LIMITATION OF ACTIONS — ATTORNEY AND CLIENT — MALPRACTICE.

The two-year limitation period for malpractice actions applies to actions against attorneys (MCL 600.5805; MSA 27A.5805).

2. LIMITATION OF ACTIONS — MALPRACTICE — ACCRUAL OF ACTIONS.

An action for malpractice must be brought within two years of the date the last service is performed or within six months after the plaintiff discovers or should have discovered the existence of the claim, whichever is later (MCL 600.5838; MSA 27A.5838).

3. INTEREST — USURY — COURT RULES.

Usury is an affirmative defense which is waived if not raised (MCR 2.111[F][3][a]).

*Charfoos & Christensen, P.C.* (by *Jody L. Aaron*), for plaintiff.

*Menmuir, Zimmerman, Rollert & Kuhn* (by *John A. Mac Neal*), for defendants.

Before: BEASLEY, P.J., and CYNAR and R. C. AN-
DERSON,* JJ.

CYNAR, J. Plaintiff appeals as of right from an
order granting defendants' motion for summary
disposition on the ground that the statute of limi-
tations barred plaintiff's legal malpractice action.
We reverse.

Plaintiff is a Michigan corporation. Defendant E.
David Rollert is a practicing attorney in the State
of Michigan and a partner in the law firm of
Menmuir, Zimmerman, Rollert and Kuhn. Prior to
October, 1979, Rollert had acted as legal counsel
for plaintiff for a number of years. In October,
1979, while still acting as attorney for plaintiff,
Rollert persuaded Robert Shaw, one of plaintiff's
three board members, to enter into a partnership
with Rollert and two other individuals. Shaw
agreed and became a partner in BTRS Properties
Management & Leasing Company. When BTRS
needed additional funds, Rollert suggested that
plaintiff lend money to BTRS. Rollert assured plain-
tiff that this would be an advantageous business
investment for plaintiff since BTRS would pay a
very high rate of return on plaintiff's money.
Plaintiff was not told by Rollert that this rate of
interest exceeded the statutory usury limits. On
October 22, 1979, BTRS executed a demand promis-
sory note to plaintiff for $37,000 with a seventeen
percent interest rate. Rollert prepared and exe-
cuted the note.

When plaintiff demanded payment on the note,
BTRS refused. On June 30, 1983, plaintiff retained
attorney James Stephen, and Stephen filed suit
against BTRS for plaintiff on the note. Rollert an-
swered the complaint, but in February, 1985, Rol-
lert filed a motion to amend his answer to add the

* Circuit judge, sitting on the Court of Appeals by assignment.

defense of usury. The motion was granted, and on February 6, 1985, Rollert filed his amended answer which contained the affirmative defense of usury.

On July 15, 1985, plaintiff filed the instant legal malpractice suit against Rollert and his law firm. Defendants filed a motion for summary disposition pursuant to MCR 2.116(C)(7) on the ground that plaintiff's claim was barred by the statute of limitations, citing MCL 600.5805(4); MSA 27A.5805(4). Plaintiff's answer to the motion alleged that the applicable statute of limitations was MCL 600.5838(2); MSA 27A.5838(2) and that, since plaintiff filed the legal malpractice action only five months after defendant Rollert asserted the usury defense, plaintiff's suit was not barred. Attached to plaintiff's memorandum of law in opposition to defendants' motion for summary disposition were affidavits of Mary K. Shaw, treasurer of plaintiff, Robert A. Shaw, president of plaintiff, and John R. Shaw, secretary of plaintiff, that they did not know that seventeen percent was usurious. In defendants' brief in support of summary disposition, filed October 15, 1985, defendants noted that MCL 600.5805(4); MSA 27A.5805(4) provides that a person shall not bring a malpractice action unless it is brought within two years after the claim first "accrued," and that MCL 600.5838(1); MSA 27A.5838(1) provides that a malpractice claim accrues at the time the defendant discontinues serving the plaintiff. Defendants noted that plaintiff did not dispute that neither Rollert nor his law firm provided legal services to plaintiff within two years before the malpractice suit was commenced. Defendants argued that the only way plaintiff's malpractice suit could succeed is if the "six month rule," MCL 600.5838(2); MSA 27A.5838(2), applied. Defendants alleged that that subsection did not save plaintiff.

On October 25, 1985, at the hearing on the motion for summary disposition, defendants argued that plaintiff discovered or should have discovered the alleged malpractice by June 30, 1983, the date the original suit was filed. Plaintiff argued that it did not discover the malpractice until February 6, 1985, the day the usury affirmative defense was raised, as, until then, plaintiff suffered no harm. The trial court ruled that plaintiff in the instant case knew or should have known about the alleged malpractice on June 30, 1983, when it retained Stephen to file suit on the note. Since plaintiff did not file the instant suit within six months thereafter, nor within the two-year limit, plaintiff's suit was barred. Summary judgment was granted to defendants.

On appeal, plaintiff argues that the trial court erred by granting defendants' motion for summary disposition on the ground that plaintiff's legal malpractice action was barred by the statute of limitations. We agree.

The alleged negligent act of Rollert occurred on October 22, 1979, the date he drafted the promissory note. The malpractice statute of limitations in effect on that date provided two years in which an action could be brought. MCL 500.5805(1) and (4); MSA 27A.5805(1) and (4). The statute is applicable to legal malpractice actions. *Sam v Balardo,* 411 Mich 405, 417; 308 NW2d 142 (1981). A separate statute explains when a malpractice action accrues, MCL 600.5838; MSA 27A.5838. That statute provides that an action accrues when the professional discontinues treating or otherwise serving the plaintiff. The second part of the statute provides that a plaintiff may also file suit within six months after a plaintiff discovered, or should have discovered, the existence of a claim. *Dowker v Peacock,* 152 Mich App 669, 671-672; 394 NW2d 65

(1986); *Goodwin v Schulte,* 115 Mich App 402, 409; 320 NW2d 391 (1982). Thus, an action for legal malpractice must be brought within two years after the date on which the last service is performed or six months after plaintiff discovers or should have discovered the claim, whichever is later.

In the instant case, both parties agree that plaintiff did not file suit within two years of the date Rollert last performed legal services for plaintiff; therefore, MCL 500.5838(1); MSA 27A.5838(1) does not apply. The only issue is whether the trial court could rule as a matter of law that plaintiff did not file its malpractice suit within six months of when plaintiff discovered or should have discovered that a malpractice claim existed.

Plaintiff claims that it did not discover that a malpractice claim existed until February 6, 1985, when Rollert was allowed to amend his answer to include the affirmative defense of usury. Plaintiff further alleges that, until Rollert asserted the affirmative defense of usury, plaintiff did not sustain any appreciable harm. *Luick v Rademacher,* 129 Mich App 803; 342 NW2d 617 (1983).

Defendants, on the other hand, argue that plaintiff suffered appreciable harm on October 22, 1979, when the note was drafted, because plaintiff's absolute legal right to collect interest on the note became subject to an infirmity.

A review of the law of usury indicates that a usurious rate of interest does not make an instrument void. To the extent that the usurious interest and principal were fully paid, the borrower cannot recover. *Wright v First National Bank of Monroe,* 297 Mich 315, 328; 297 NW 505 (1941); *Waldorf v Zinberg,* 106 Mich App 159; 307 NW2d 749 (1981). The defense of usury is an affirmative defense which is waived if not raised. MCR 2.111(F)(3)(a).

We find that, until Rollert asserted the defense of usury, plaintiff did not have a malpractice cause of action because plaintiff was not damaged until BTRS asserted the defense. Plaintiff's suit would have been premature if plaintiff had not waited to see if the usury defense would be raised. This conclusion is supported by *Biberstine v Woodworth,* 406 Mich 275; 278 NW2d 41 (1979).

In *Biberstine,* the plaintiff filed a legal malpractice action against the defendant because the defendant, the plaintiff's attorney, failed to schedule a debt owed by the plaintiff in the plaintiff's petition for bankruptcy. The Court held that the period of limitations started to run at the time the plaintiff was discharged in bankruptcy. *Biberstine, supra,* p 277. Until then, the defendant could have petitioned the bankruptcy court to amend the bankruptcy petition, and the plaintiff would not have had a claim for malpractice. *Biberstine, supra,* p 277. See also *Dowker v Peacock, supra.* Just as the bankruptcy discharge in *Biberstine* ended that plaintiff's chance to avert the possible harm, so too the amendment adding the usury defense ended plaintiff's chance to collect on the note and avoid the harm caused by the usurious rate. Plaintiff could not have discovered the malpractice claim until then.

Rollert was allowed to amend the BTRS answer to assert the usury defense on February 6, 1985, thus plaintiff filed the instant suit within the six-month deadline by filing on July 15, 1985.

Reversed.