110 F.3d 64
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ranchhodbhai PATEL, Plaintiff-Appellant,
v.
Mark ZARTARIAN; Hugh M. Davis; Lawrence Hochman; Ben
Gonek, Defendants-Appellees.
 No. 95-2143.
 United States Court of Appeals, Sixth Circuit.
 March 27, 1997.
 
 Before: KENNEDY, KRUPANSKY, and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 Ranchhodbhai Patel, a Canadian resident proceeding pro se, moves for oral argument on appeal from a district court judgment dismissing his legal malpractice lawsuit. Defendant Gonek has filed a motion to adopt the brief of defendant Hochman. Federal jurisdiction was invoked by reason of diversity of citizenship. See 28 U.S.C. § 1332. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In March 1984, Patel purchased an interest in the Royal Motel, a business located in Ferndale, Michigan. On April 9, 1990, the State of Michigan filed a complaint to abate a nuisance pursuant to Mich.Comp.Laws Ann. § 600.3801 et seq. The complaint alleged that the Royal Motel was reputed to be a place frequented by prostitutes and their customers and a place where controlled substances were sold. The complaint named Patel, his wife, and the Royal Motel as defendants. Patel was initially represented by defendant Mark Zartarian. On June 4, 1990, while Patel was represented by Zartarian, a preliminary injunction was granted which required that the motel be padlocked.
 
 
 3
 On June 6, 1990, dissatisfied with Zartarian's representation, Patel contacted defendants Hugh Davis and Lawrence Hochman. Hochman agreed to represent Patel, his wife, and the Royal Motel in the nuisance abatement proceedings. Hochman acted as counsel during the trial which commenced on August 15, 1991, and concluded on August 19, 1991. The Oakland Circuit Court entered a judgment for nuisance abatement on November 18, 1991. The Michigan Court of Appeals affirmed the judgment.
 
 
 4
 Patel then brought the present lawsuit against attorneys Hugh M. Davis, Mark Zartarian, Lawrence Hochman, and Ben Gonek. The allegations of legal malpractice against defendants Davis, Hochman and Gonek are not segregated in the complaint and amended complaint. Patel basically complained of the defendants handling of various aspects of the nuisance abatement proceedings.
 
 
 5
 Defendant Davis was dismissed, with prejudice, upon the stipulation of the parties. Summary judgment in favor of defendant Zartarian was entered on March 9, 1994. The district court granted summary judgment in favor of defendants Hochman and Gonek on July 12, 1995, and October 4, 1995, respectively. This timely appeal followed.
 
 
 6
 Upon review, we conclude that summary judgment was proper as there is no genuine issue of material fact and the defendants are entitled to judgment as a matter of law. City Mgmt. Corp. v. U.S. Chem. Co., 43 F.3d 244, 250 (6th Cir.1994). Patel is time-barred from maintaining his legal malpractice action against defendant Zartarian. In Michigan, a legal malpractice action must be brought within one of the following time frames: 1) two years of the date the attorney discontinued servicing the plaintiff, or six months after the plaintiff discovers or should have discovered the claim, whichever is later. Mich.Comp.Laws § 600.505; Seebacher v. Fitzgerald, Hodgman, Cawthorne and King, P.C., 449 N.W.2d 673, 675 (Mich.App.1989). An attorney discontinues serving, for purpose of the statute, when the attorney is relieved of his obligation either by the client or the court. Dowker v. Peacock, 394 N.W.2d 65, 66 (Mich.App.1986).
 
 
 7
 Patel's allegation in an April 2, 1991, motion to set aside a default judgment entered against him in a dispute with Zartarian about legal fees establishes that Patel had discovered the alleged legal malpractice claim at this time. Therefore, in order to meet the six month discovery limitations period, he had to file his complaint by October 2, 1991. Since Patel waited more than two years after he discovered, or should have discovered, the existence of his claim against Zartarian, he is time-barred by the six-month discovery statute from maintaining the instant action against Zartarian.
 
 
 8
 Summary judgment in favor of defendants Hochman and Gonek was also proper. To establish a cause of action for legal malpractice under Michigan law, a plaintiff must show: 1) the existence of an attorney-client relationship; 2) an act or omission which is alleged to have constituted the negligence; 3) that the negligence was a proximate cause of the injury; and 4) the fact and extent of the injury alleged. See Coleman v. Gurwin, 503 N.W.2d 435, 436-37 (Mich.1993).
 
 
 9
 Patel provided no evidence in support of an element of his legal malpractice case in opposition to the defendants' motions for summary judgment. Instead, he rested on his mere allegations set forth in his complaint and amended complaint. Because Patel presented no proof of legal malpractice, the defendants were entitled to summary judgment. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).
 
 
 10
 Accordingly, the motion for oral argument is denied, the motion to adopt Hochman's appellate brief is granted, and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.