# STATE OF MICHIGAN

# COURT OF APPEALS

STANLEY G. DENHOF,

        Plaintiff-Appellant,

UNPUBLISHED
January 15, 2015

v

        No. 318331
Kent Circuit Court

CHARLES B. COVELLO,

        LC No. 318331

        Defendant-Appellee.

Before: RIORDAN, P.J., and MARKEY and WILDER, JJ.

PER CURIAM.

Plaintiff appeals by right the trial court's grant of summary disposition to defendant. This case arises out of defendant's legal representation of plaintiff on a petition to terminate his parental rights on the basis of sexual abuse of his daughter.[1] Contemporaneous with the pending termination case, plaintiff was charged and convicted in Kent County Circuit Court of three counts of first-degree criminal sexual conduct (CSC), MCL 750.520b(1)(a); he was sentenced on August 19, 2008 to 14 to 75 years imprisonment.[2] Despite failing to discern any merit to plaintiff's complaint, for the reasons discussed herein, we reverse and remand to the trial court.

---

[1] The family court appointed defendant to represent plaintiff on March 21, 2008, and discharged him from that appointment by order dated August 22, 2008, when the petition to terminate parental rights was withdrawn.

[2] Plaintiff's convictions and sentences were affirmed on appeal. *People v Denhof*, unpublished opinion per curiam of the Court of Appeals, issued December 14, 2010 (Docket No. 287720), lv den 489 Mich 899 (2011). In post-conviction proceedings, the circuit court conducted an *in camera* review of certain confidential counseling records of the victim and her mother, which included the confidential reports plaintiff sought from defendant. See *People v Stanaway*, 446 Mich 643, 675-680; 521 NW2d 557 (1994). In an order dated January 30, 2012, the circuit court ruled that the statements and conduct attributed to the victim in these reports was fully consistent with the victim's testimony at defendant's criminal trial. Accordingly, the court ruled "there is no basis for turning these records over to the parties in Defendant's criminal case, and they will therefore be placed in the court file under seal[.]" This Court denied plaintiff's application for leave to appeal this and other post-judgment trial court rulings "for lack of merit in the grounds

-1-

On the same day he was discharged from representing plaintiff in the termination case, August 22, 2008, defendant wrote to plaintiff advising that he had given plaintiff's investigator his complete file with the exception of three confidential reports concerning the CSC victim and her mother that may be privileged under Michigan and federal law.[3] The letter identifies the reports by date and source. Because of his transfer from the Kent County jail to prison, plaintiff asserts in his complaint that he did not receive this letter until June 2011 when his sister found it in his personal property at the jail. A series of letters between plaintiff or his representatives and defendant seeking production of the confidential reports ensued. Defendant maintained that he would not release the reports absent a court order. Finally, on December 12, 2012, defendant wrote to plaintiff that he had returned the copies of the confidential reports that were in his possession to the "agencies of origin."

On May 31, 2013, plaintiff filed a two-count complaint against defendant in Muskegon Circuit Court, the gravamen of which was defendant's failure to produce two of the three confidential counseling reports.[4] The first count alleges "obstruction of justice," and cites MCL 750.483a(5). The second count alleges a violation of MCL 600.901.[5] Each count requests equitable relief and damages under MCL 600.5838b, which address the statute of limitations for legal malpractice actions. Consequently, defendant's characterization of plaintiff's complaint as one for legal malpractice is reasonable.

In lieu of answering plaintiff's complaint, defendant filed a motion for summary disposition on June 25, 2013, citing MCR 2.116(C)(7), (8), and (10). Defendant argued that there was no disputed material fact that the documents plaintiff sought were privileged and because of that fact, defendant could not disclose them to plaintiff. Defendant also argued that the gravamen of plaintiff's complaint was one of legal malpractice and that both the two-year statute of limitations, MCL 600.5805(6), and the six-month discovery period, MCL 600.5805(2), had expired. See *Dowker v Peacock*, 152 Mich App 669, 671-672; 394 NW2d 65 (1986). Defendant also asserted that the proper venue for plaintiff's claim was Kent County because that is where events occurred and where defendant resided and practiced law. On July 15, 2013, plaintiff filed an answer to defendant's motion for summary disposition.

The Muskegon Circuit Court conducted a hearing on defendant's motion on July 30, 2013, with plaintiff participating via a video connection. The court did not reach the merits of defendant's motion for summary disposition but instead granted that part of the motion asserting that the proper venue for plaintiff's complaint was Kent Circuit Court. An order transferring the case to Kent County was entered on July 30, 2013. The Kent Circuit Court received the entire Muskegon Circuit Court file in this matter on August 7, 2013.

---

presented." *People v Denhof*, unpublished order curiam of the Court of Appeals, entered October 11, 2013 (Docket No. 317418), lv den 495 Mich 950 (2014).

[3] See e.g., MCL 600.2157a, and the Health Insurance Portability and Accountability Act (HIPAA), 42 USC 1320d *et seq*., and its regulations.

[4] Plaintiff admits that he obtained a copy of one of the reports from another source.

[5] This statute requires membership in state bar of Michigan for persons to designate themselves as "attorneys and counselors" and be licensed to practice law in this state.

After the file was transferred to Kent County, defendant filed various motions on August 22, 2013, noticing them for hearing on September 6, 2013. Defendant, on August 30, 2013, re-noticed his motion for summary disposition for hearing on September 6, 2013. On the hearing date, plaintiff did not appear because he was incarcerated. Patricia Denhof, believed to be plaintiff's sister, appeared and purported to act on plaintiff's behalf through a power of attorney. The trial court, however, refused to allow Denhof to speak to the merits of the motion because she was not an attorney licensed to practice law in Michigan. The trial court ruled that MCR 2.119(A)(2)[6] requires a response to a motion, and "there is no reply in this case." The trial court then stated that no reply was filed to defendant's motion and that MCR 2.116(G)(1)[7] applied. The court reasoned that these court rules combined to mean "that where a motion is filed and no response is given, then the motion that is brought is to be granted." The trial court then ruled that it would not even permit defense counsel to argue his motion because it was properly filed, and no response was filed. On this basis, the trial court granted defendant's motion for summary disposition and entered its order on September 6, 2013. Plaintiff appeals by right.

It is apparent that the trial court did not review the file in this matter before granting the motion because the court mistakenly believed that plaintiff had not filed a response to defendant's motion. Further, the trial court did not consider either the merits of plaintiff's complaint or the merits of defendant's motion for summary disposition. Under these circumstances, we reverse the trial court's order granting defendant's motion for summary disposition and remand for reconsideration on the merits. We do not retain jurisdiction.

/s/ Michael J. Riordan
/s/ Jane E. Markey
/s/ Kurtis T. Wilder

---

[6] This court rule does not require that an answer be filed to a motion but rather that "[a] motion or response to a motion that presents an issue of law must be accompanied by a brief citing the authority on which it is based."

[7] This court rule establishes a timeframe for the service and hearing of a motion for summary disposition and a timeframe for the filing and service of a response to the motion.