CHAPMAN v SULLIVAN

Docket No. 94106. Submitted March 10, 1987, at Lansing. Decided May 15, 1987.

Virginia M. Chapman hired George Sullivan, an attorney, to represent her in the sale of a restaurant and tavern business, which was completed in July, 1981. After the sale, on April 11, 1984, the purchasers filed a petition in bankruptcy. On July 26, 1984, Chapman's then attorney wrote a letter to Sullivan alleging defects in the documents Sullivan had drawn for Chapman. On April 4, 1986, Chapman brought an action in the Ingham Circuit Court against Sullivan alleging legal malpractice. The court, Peter D. Houk, J., granted summary disposition based on the statute of limitations. Plaintiff appealed, alleging that the claim did not accrue until April 11, 1984, the date the purchasers filed their bankruptcy petition.

The Court of Appeals *held:*

An action alleging legal malpractice must be commenced within two years from the time the person discontinues treating or otherwise servicing the plaintiff in a professional or pseudoprofessional capacity as to the matter out of which the claim arose or within six months after the plaintiff discovered or should have discovered the existence of the claim, whichever is later. Plaintiff's claim is barred by the statute of limitations.

Affirmed.

Limitation of Actions — Attorney and Client — Malpractice.

An action alleging legal malpractice must be commenced within two years from the time the person discontinues treating or otherwise servicing the plaintiff in a professional or pseudoprofessional capacity as to the matter out of which the claim arose or within six months after the plaintiff discovered or should have discovered the existence of the claim, whichever is later (MCL 600.5805, 600.5838[2]; MSA 27A.5805, 27A.5838[2]).

References

Am Jur 2d, Attorney at Law §§ 210, 219-221.

When statute of limitations begins to run upon action against attorney for malpractice. 32 ALR4th 260.

*Kenneth P. Tableman* and *Jay M. Mitzner,* for plaintiff.

*Fraser, Trebilcock, Davis & Foster, P.C.* (by *Peter L. Dunlap* and *Mark A. Bush*), for defendant.

Before: SAWYER, P.J., and MCDONALD and H. J. SZYMANSKI,* JJ.

PER CURIAM. Plaintiff appeals from the July 7, 1986, order of summary disposition in favor of defendant. The Ingham Circuit Court found that plaintiff's claim of attorney malpractice was barred by the statute of limitations.

Plaintiff filed the instant complaint on April 4, 1986, against defendant, George Sullivan, an attorney she had hired to represent her in the sale of a restaurant and tavern business. Plaintiff alleged that defendant improperly drafted one or more documents of sale, failed to protect the security interest in certain personal property, and failed to draft the reassignment agreement which would reassign the liquor license if the purchasers defaulted. On April 11, 1984, the purchasers of the business filed a petition in bankruptcy. Plaintiff alleged that, as a result of defendant's various breaches of duty, she suffered loss because she was unable to regain possession of the personal property sold with the business or the liquor license. Further, she was unable to resell the property she did recover as a business.

On May 16, 1986, defendant filed a motion for summary disposition, alleging that the period of limitations had run. Defendant attached an affidavit averring that the last date he rendered legal services to plaintiff was in July, 1981. Defendant also attached a letter to the motion which plain-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

tiff's present attorney, Jay Mitzner, had sent to him on July 26, 1984. In the letter, Mitzner informed defendant that he had been retained by plaintiff to review the documents defendant had prepared in the course of representing plaintiff in the sale of her business. Mitzner stated that during his review of the documents he had found "serious defects," including specifically defendant's alleged failure to file the financing statement necessary to perfect the security agreement. Upon these facts, defendant contended that the complaint was filed more than two years after the last date of service and more than six months after the date of plaintiff's discovery of the claim. The circuit court agreed and ruled in defendant's favor.

On appeal, plaintiff does not argue that the claim was filed within six months of its discovery. Rather, plaintiff argues that her claim did not accrue until April 11, 1984, the date the purchasers filed their bankruptcy petition, and that she had two years from that date to file her complaint. Plaintiff bases her argument on two related theories.

First, plaintiff argues that an attorney has a continuous obligation to serve his client that continues to exist beyond the date that the attorney closes the file and completes the work. Plaintiff contends that an attorney does not "discontinue treating or otherwise servicing" his client unless his client or the court relieves him of the obligation. Thus, plaintiff argues that, in the absence of any formal discharge, the trial court erred in concluding that defendant discontinued servicing plaintiff more than two years before the filing of the complaint. In reliance upon the premise that an attorney's obligation to serve lasts until formal discharge, plaintiff then argues that a malpractice action only accrues when all of the necessary

elements of the cause of action have occurred. One necessary element of a malpractice claim is "damage." Plaintiff asserts no damage occurred until April 11, 1984, when the purchasers of the business filed a petition in bankruptcy. It is not until that date that defendant's actions became irremediable. Thus, plaintiff argues that her claim accrued on April 11, 1984, at which date defendant was still under an obligation to serve her interest, and that she therefore had two years from that date to file a complaint.

The cases cited by plaintiff, *Basic Food Industries, Inc v Travis, Warren, Nayer & Burgoyne,* 60 Mich App 492; 231 NW2d 466 (1975), *State Bar of Michigan v Daggs,* 384 Mich 729; 187 NW2d 227 (1971), and *Lipton v Boesky,* 110 Mich App 589; 313 NW2d 163 (1981), do stand for the proposition that an attorney does not "discontinue treating or otherwise servicing his client" for purposes of the malpractice statute of limitations until his client or the court relieves him of the obligation. However, the facts in those cases are easily distinguishable from the facts of the present case. In *Basic Food Industries, Lipton,* and *State Bar of Michigan,* the attorneys were involved in ongoing litigation; thus, the only way the attorney could be relieved of his representation of his client was by a formal discharge by his client or upon the attorney's own motion with or without his client's consent and a subsequent order of the court relieving the attorney of his representation.

In the present case, the defendant was retained by plaintiff to perform specific legal service, i.e., to advise and represent her in the sale of her business and draft certain documents in connection with the sale. Defendant was not retained to represent plaintiff in any pending or proposed litigation. It is uncontroverted that defendant rendered no

legal services to plaintiff of any kind after July, 1981. The file had been closed and to all parties the matter appeared completed. We perceive no reason why a formal discharge by a client or court order would be practical or necessary in such a situation.

Plaintiff next argues that her claim could not and did not accrue until she had incurred damages on April 11, 1984, when the purchasers of her business filed for bankruptcy and defendant's acts of malpractice became irremediable. Plaintiff relies on the rulings stated in *Biberstine v Woodworth,* 406 Mich 275; 278 NW2d 41 (1979), *Luick v Rademacher,* 129 Mich App 803; 342 NW2d 617 (1983), and *Dowker v Peacock,* 152 Mich App 669; 394 NW2d 65 (1986), to support her contention.

The above cases are distinguishable in that none of the passages upon which plaintiff relies dealt with the last date of service, the only issue now before this Court. MCL 600.5805; MSA 27A.5805 provides:

> A person shall not bring or maintain an action to recover damages for injuries to persons or property unless, after the claim first accrued to the plaintiff or to someone through whom the plaintiff claims, the action is commenced within the periods of time prescribed by this section.
>
> * * *
>
> (4) the period of limitations is two years for an action charging malpractice.

At the time plaintiff's cause of action arose, MCL 600.5838; 27A.5838 provided:

> (1) A claim based on the malpractice of a person who is, or holds himself out to be, a member of a state licensed profession . . . accrues at the time that person discontinues treating or otherwise

serving the plaintiff in a professional or pseudoprofessional capacity as to the matters out of which the claim for malpractice arose, regardless of the time the plaintiff discovers or otherwise has knowledge of the claim.

(2) An action involving a claim based on malpractice may be commenced at any time within the applicable period prescribed in sections 5805 or 5851 to 5856, or within 6 months after the plaintiff discovers or should have discovered the existence of the claim, whichever is later. . . . A malpractice action which is not commenced within the time prescribed by this subsection is barred.

The statute is explicit. The action must be commenced within two years from the time the person discontinues treating or otherwise servicing the plaintiff in a professional or pseudoprofessional capacity as to the matters out of which the claim for malpractice arose, *regardless of the time the plaintiff discovers or otherwise has knowledge of the claim.* Thus, the issue of when plaintiff incurred damage (i.e., the date on which all the elements of a claim are established so that the plaintiff becomes aware of the existence of a claim) is not relevant to determining the last date of service.[1]

We note that the Legislature recognized that a statute of limitations which only permitted a malpractice claim to be filed within two years of the last date of service might not always be equitable. Thus, the Legislature also provided that a malpractice action may be filed within six months after the plaintiff discovered or should have discovered the *existence of the claim.* The plaintiff may take advantage of whichever provision provides the longer period within which to file.

---

[1] Plaintiff's argument would be better received if it were asserted as a basis to determine when the six-month discovery period began to run.

In the instant case, plaintiff had the opportunity to take advantage of the six-month discovery rule and if she had done so would have been able to bring the instant complaint despite the fact that more than two years had passed since the last date of service. However, plaintiff failed to file the complaint within six months of her discovery and no issue involving the discovery rule has been raised on appeal. There is no *factual* dispute that defendant's legal services to plaintiff were discontinued in July, 1981.[2] It is further uncontested that the claim of malpractice arose out of the legal work rendered at or prior to that time. Thus, the two-year period set forth under MCL 600.5838; MSA 27A.5838 expired in July, 1983. Consequently, plaintiff's cause of action is barred under the statute.

The trial court is affirmed.

---

[2] While plaintiff disputes that the last date of service occurred in July, 1981, her dispute involves a legal question, not a factual one. Plaintiff's position is that an attorney's obligation to serve his client continues until formal discharge. We have addressed this issue, *supra*, and have found it to be without merit under the particular facts of this case. There is no dispute that defendant completed all work on plaintiff's behalf and closed the file in July, 1981. At that point, there was no ongoing litigation or relationship between the parties and both considered the matter closed. These facts are not controverted.