GAMBINO v CARDAMONE

Docket No. 92792. Submitted March 25, 1987, at Detroit. Decided May
    21, 1987.

In February, 1980, Emil E. Cardamone, an attorney for Russell
    and Argyro Gambino, negotiated a cash settlement of a lawsuit
    and advised the Gambinos that the settlement was not includa-
    ble as income for federal tax purposes. The Internal Revenue
    Service contacted Russell Gambino about the settlement in
    January, 1983. In June, 1983, the IRS assessed additional taxes
    and penalties for 1980. In March, 1984, Russell and Argyro
    Gambino brought a malpractice action against Emil Carda-
    mone in the Macomb Circuit Court. The court, Kenneth N.
    Sanborn, J., granted summary disposition based on the statute
    of limitations. Plaintiffs appealed.

The Court of Appeals *held:*

An action for legal malpractice must be brought within two
    years of the date the last service is performed or within six
    months after the plaintiff discovers or should have discovered
    the existence of the claim, whichever is later. The period of
    limitations on an action for legal malpractice based on errone-
    ous legal advice begins to run when the last service in connec-
    tion with the advice is rendered. The court properly granted
    summary disposition.

Affirmed.

1. LIMITATION OF ACTIONS — LEGAL MALPRACTICE.

An action for legal malpractice must be brought within two years
    of the date the last service is performed or within six months
    after the plaintiff discovers or should have discovered the
    existence of the claim, whichever is later (MCL 600.5805[4],
    600.5838; MSA 27A.5805[4], 27A.5838).

REFERENCES

Am Jur 2d, Attorneys at Law §§ 197 *et seq.*

When statute of limitations begins to run upon action against
    attorney for malpractice. 32 ALR4th 260.

What statute of limitations governs damage action against attorney
    for malpractice. 2 ALR4th 284.

See also the annotations in the Index to Annotations under Mal-
    practice By Attorney.

2. LIMITATION OF ACTIONS — LEGAL MALPRACTICE.
　　The period of limitations on an action for legal malpractice based
　　　on erroneous legal advice begins to run when the last service in
　　　connection with the advice is rendered.

*John A. Lygizos,* for plaintiffs.

*Miller, Canfield, Paddock & Stone* (by *LeLand D. Barringer*), for defendant.

Before: WAHLS, P.J., and R. M. MAHER and J. T. KALLMAN,* JJ.

PER CURIAM. Plaintiffs appeal as of right from the January 30, 1986, order of the Macomb Circuit Court granting summary disposition to defendant under MCR 2.116(C)(7), ruling that the applicable statutes of limitation had expired on plaintiffs' legal malpractice claim.

As alleged in plaintiffs' first amended complaint, the malpractice of defendant arose out of a settlement negotiated by defendant in February, 1980. Plaintiff Russell Gambino had sued Core Industries, Inc., for breach of contract and received $75,000 in exchange for dismissal of the claim. According to plaintiff, defendant informed him at the time that the money constituted compensatory damages, nontaxable and not included as income. Plaintiff never reported the receipt of this money on his tax returns.

As further alleged in the first amended complaint, Russell Gambino was contacted by the Internal Revenue Service in January of 1983 concerning the $75,000 settlement. During an initial meeting attended by plaintiff, defendant and an IRS agent, the agent concluded that all of the $75,000 was taxable income. Additional meetings were subsequently held with Russell Gambino's

---

* Circuit judge, sitting on the Court of Appeals by assignment.

accountants. Finally, in June of 1983, he was assessed $48,000 in additional taxes and penalties by the IRS.

Plaintiffs filed a complaint against defendant in March of 1984, alleging negligence in the rendering of legal services. On September 4, 1985, defendant moved for summary disposition, citing the two-year statute of limitations of MCL 600.5805; MSA 27A.5805 and the six-month tolling provision of MCL 600.5838; MSA 27A.5838. Finding that plaintiffs had failed to file their claim within two years of the date that defendant's services were discontinued or within six months of the date they discovered the malpractice, the trial court granted defendant's motion for summary disposition.

On appeal, plaintiffs argue that the trial court erred by failing to apply a two-year limitation period from the date that they discovered defendant's malpractice. At the heart of this dispute are two sections of the Revised Judicature Act of 1961, 1961 PA 236. Section 5805 provides:

> (1) A person shall not bring or maintain an action to recover damages for injuries to persons or property unless, after the claim first accrued to the plaintiff or to someone through whom the plaintiff claims, the action is commenced within the periods of time prescribed by this section.
>
> *    *    *
>
> (4) Except as otherwise provided in this chapter, the period of limitations is 2 years for an action charging malpractice. [MCL 600.5805; MSA 27A.5805.]

At all times pertinent to this case, § 5838 of the act provided:

> (1) A claim based on the malpractice of a person who is, or holds himself out to be, a member of a

state licensed profession, intern, resident, registered nurse, licensed practical nurse, registered physical therapist, clinical laboratory technologist, inhalation therapist, certified registered nurse anesthetist, x-ray technician, hospital, licensed health care facility, employee or agent of a hospital or licensed health care facility who is engaging in or otherwise assisting in medical care and treatment, or any other state licensed health professional, accrues at the time that person discontinues treating or otherwise serving the plaintiff in a professional or pseudo-professional capacity as to the matters out of which the claim for malpractice arose, regardless of the time the plaintiff discovers or otherwise has knowledge of the claim.

(2) An action involving a claim based on malpractice may be commenced at any time within the applicable period prescribed in sections 5805 or 5851 to 5856, or within 6 months after the plaintiff discovers or should have discovered the existence of the claim, whichever is later. The burden of proving that the plaintiff, as a result of physical discomfort, appearance, condition or otherwise, neither discovered nor should have discovered the existence of the claim at least 6 months before the expiration of the period otherwise applicable to the claim shall be on the plaintiff. A malpractice action which is not commenced within the time prescribed by this subsection is barred. [MCL 600.5838; MSA 27A.5838, as amended by 1975 PA 142.][1]

Neither party disputes the applicability of a two-year statute of limitations. Rather, the crux of the dispute focuses upon the time the action accrued. Plaintiffs, citing *Luick v Rademacher,* 129 Mich App 803; 342 NW2d 617 (1983), contend that their cause of action did not accrue until June, 1983, the time the IRS assessed additional taxes, interest and

---

[1] MCL 600.5838; MSA 27A.5838 was subsequently amended by 1986 PA 178. However, 1986 PA 178, § 3 provides that the amendment shall not apply to causes of action arising before October 1, 1986.

penalties. Prior to that time, plaintiffs argue, there were no demonstrable damages. According to plaintiffs, the complaint, filed in March, 1984, is therefore well within the two-year period established by § 5805.

Defendant, citing MCL 600.5838; MSA 27A.5838, contends that accrual, for purposes of triggering the two-year limitation period, occurred at the time services were discontinued in February, 1980. There is no dispute that services were discontinued at that time. Thus, defendant argues, the only possibility of avoiding the adverse consequences of the expired limitations period is § 5838's alternative period of six months after plaintiffs discovered or should have discovered the existence of the claim. Viewing the pleadings in a light most favorable to plaintiffs, specifically that the cause of action was not discovered until June, 1983, plaintiffs' claim is still barred.

Although plaintiffs initially assert that § 5838 applies only to medical malpractice claims, we find no support for that assertion. This Court, as did the lower court, has routinely cited §§ 5805(4) and 5838 in ruling that actions for legal malpractice must be brought within two years of the date the attorney discontinues service to the plaintiff or within six months after plaintiff discovers or should have discovered the existence of the claim. See, e.g., *Dowker v Peacock,* 152 Mich App 669, 671-672; 394 NW2d 65 (1986). *Luick, supra,* p 806; *Goodwin v Schulte,* 115 Mich App 402; 320 NW2d 391 (1982). See also *Sam v Balardo,* 411 Mich 405; 308 NW2d 142 (1981) (holding that the word "malpractice" within §§ 5805 and 5838 includes legal malpractice). We therefore conclude that §§ 5805 and 5838 must be read in conjunction for a complete understanding of the statute of limitations applicable to legal malpractice claims.

Reading the two sections in conjunction, it appears that the issue raised by plaintiffs is easily resolved. Under § 5805 the period of limitations is two years from the time that the claim accrues. Under § 5838, the claim accrues at the time of the last service rendered. Finally, under § 5838, the running of the statute is tolled for six months after the plaintiff discovers or should have discovered the existence of the claim.

Unfortunately, the issue is somewhat clouded by two of this Court's previous decisions suggesting that a legal malpractice claim "accrues" only when all of the necessary elements of a cause of action, including damages, have been discovered. *Dowker, supra,* p 672; *Luick, supra,* p 806. We resolve the apparent inconsistencies between these decisions and § 5838 by a closer review of the facts underlying this Court's decisions. In both *Dowker* and *Luick,* the central issue was not *accrual,* but a *tolling* of the statute by the inability of the plaintiff to discover the existence of the malpractice claim. It is clear that damages are an element of a claim for legal malpractice, as they are an element for any act of negligence. See *Sawabini v Desenberg,* 143 Mich App 373, 384; 372 NW2d 559 (1985). Thus, these cases simply establish that a malpractice claim is therefore tolled until the plaintiff has discovered, or should have discovered, damages.

Other cases cited by the plaintiffs address the accrual of a malpractice action based upon negligent acts of *omission* rather than *commission.* Thus, in *Zatolokin v Grimm,* 99 Mich App 257; 297 NW2d 900 (1980), lv den 410 Mich 916 (1981), we held that the accrual of a legal malpractice action based upon the failure of counsel to file suit occurred when the underlying cause of action was barred by the running of the applicable statute of

limitations. Similarly, in *Biberstine v Woodworth,* 406 Mich 275; 278 NW2d 41 (1979), cited in *Zatolokin,* our Supreme Court held that the malpractice of an attorney who failed to file an action as requested by his client accrued on the date that the plaintiff's claim was discharged in bankruptcy. *Biberstine* and *Zatolokin* simply establish that the last service provided in cases of negligent omission occurs on the date that negligence becomes irremedial in some sense.

Here, on the other hand, the malpractice alleged is an act of commission—erroneously informing plaintiffs that the $75,000 judgment was not taxable income. The last service rendered in connection with that judgment, by plaintiffs' own pleadings, was in February of 1980. Thus, in accordance with § 5838(1), we hold that plaintiffs' malpractice claim accrued in February of 1980. Since plaintiffs failed to bring the malpractice claim until March of 1984, they failed to bring the action within two years of its accrual.

Of course, plaintiffs could not have discovered the claim sooner than January of 1983, when contacted by the IRS. Arguably, plaintiffs did not fully discover the malpractice claim until June of 1983, when taxes and penalties were assessed by the IRS. However, it was yet another nine months before plaintiffs filed the malpractice claim against defendant. We therefore hold that plaintiffs also failed to bring the action within six months of the date they discovered or should have discovered the existence of the claim.

In short, the period of limitations had run on plaintiffs' legal malpractice claim prior to the filing of the complaint. The trial court did not err by granting accelerated judgment under MCR 2.116(C)(7).

Affirmed.