K73 CORPORATION v STANCATI

Docket No. 99578. Submitted March 3, 1988, at Grand Rapids. Decided September 28, 1988.

Lawrence A. Pook, sole shareholder and president of K73 Corporation, employed Ross F. Stancati and Ross F. Stancati and Associates, P.C. to give him legal advice about selling K73 Corporation on credit. The date of the final billing for this advice was February 4, 1982. Thereafter, he employed another attorney to advise him with regard to the sale. On November 21, 1983, the purchaser filed for bankruptcy and listed Pook and K73 Corporation as unsecured creditors. On September 21, 1984, Pook and K73 Corporation brought an action in the Kalamazoo Circuit Court against Stancati and Ross F. Stancati and Associates, P.C., alleging legal malpractice in failing to advise Pook concerning the possibility of obtaining security from the buyer. The court, Harvey W. Moes, J., granted summary disposition for defendants, holding that plaintiffs' claim was barred by the statute of limitations. Plaintiffs appealed.

The Court of Appeals *held:*

An action alleging legal malpractice must be commenced within two years from the time the person discontinues treating or otherwise servicing the plaintiff in a professional or pseudoprofessional capacity as to the matter out of which the claim arose or within six months after the plaintiff discovered or should have discovered the existence of the claim, whichever is later.

Affirmed.

1. LIMITATION OF ACTIONS — ATTORNEY AND CLIENT — MALPRACTICE.

An action alleging legal malpractice must be commenced within two years from the time the person discontinues treating or otherwise servicing the plaintiff in a professional or pseudoprofessional capacity as to the matter out of which the claim arose

REFERENCES

Am Jur 2d, Attorneys at Law §§ 219-221.

What statute of limitations governs damage action against attorney for malpractice. 2 ALR4th 284.

When statue of limitations begins to run upon action against attorney for malpractice. 32 ALR4th 260.

or within six months after the plaintiff discovered or should have discovered the existence of the claim, whichever is later (MCL 600.5805, 600.5838[2]; MSA 27A.5805, 27A.5838[2]).

2. ATTORNEY AND CLIENT — LEGAL MALPRACTICE — ACCRUAL OF CAUSE OF ACTION.

A legal malpractice claim accrues only when all the necessary elements of a cause of action have occurred, including damages.

3. ATTORNEY AND CLIENT — LEGAL MALPRACTICE — LIMITATION OF ACTIONS.

The period of limitation on a legal malpractice claim begins to run from the time the result of the attorney's inaction or delay is irremediable.

*Bishop & Shelton, P.C.* (by *Thomas H. Blaske*), for plaintiffs.

*Farr & Oosterhouse* (by *Paul E. Jensen*), for defendants.

Before: SULLIVAN, P.J., and MACKENZIE and G. SCHNELZ,* JJ.

PER CURIAM. Plaintiffs appeal as of right from an order granting defendants' motion for summary disposition pursuant to MCR 2.116(C)(7) on the ground that the statute of limitations barred plaintiffs' legal malpractice claim. We affirm.

Plaintiff Lawrence Pook, sole shareholder and president of plaintiff K73 Corporation, filed the instant complaint on September 21, 1984, against defendant, Ross F. Stancati, an attorney he hired to represent him in the sale of his dry cleaning business. (For ease in reading, we will refer to the singular plaintiff and defendant, Lawrence Pook and Ross Stancati, respectively.) Plaintiff alleged that defendant committed professional malpractice by failing to advise him that he had the option of negotiating for and obtaining security from the

* Circuit judge, sitting on the Court of Appeals by assignment.

purchaser, John Drennan. Plaintiff held only an unsecured promissory note from Drennan. On November 21, 1983, Drennan filed for bankruptcy leaving plaintiff as an unsecured creditor.

Defendant filed a motion for summary disposition alleging that the period of limitation had run which was heard on October 27, 1986. The court took the motion under advisement. On February 3, 1987, another hearing was held wherein the court granted defendant's motion, concluding that plaintiff was put on notice that he was unsecured when Drennan filed his bankruptcy petition. Plaintiff did not institute suit until September 21, 1984, ten months later. Plaintiff appeals this decision.

The applicable period of limitation for a malpractice action, MCL 600.5805; MSA 27A.5805, is two years.

MCL 600.5838; MSA 27A.5838 provides in pertinent part:

> Sec. 5838. (1) . . . a claim based on the malpractice of a person who is, or holds himself or herself out to be, a member of a state licensed profession accrues at the time that person discontinues serving the plaintiff in a professional or pseudo-professional capacity as to the matters out of which the claim for malpractice arose, regardless of the time the plaintiff discovers or otherwise has knowledge of the claim.
>
> (2) . . . an action involving a claim based on malpractice may be commenced at any time within the applicable period prescribed in sections 5805 or 5851 to 5856, or within 6 months after the plaintiff discovers or should have discovered the existence of the claim, whichever is later. The burden of proving that the plaintiff neither discovered nor should have discovered the existence of the claim at least 6 months before the expiration period otherwise applicable to the claim shall be on the plaintiff. A malpractice action which is not

commenced within the time prescribed by this subsection is barred.

Reading the two sections in conjunction reveals that under § 5805 the period of limitation is two years from the time the claim accrues. Under § 5838, the claim accrues at the time the last service is rendered. Finally, § 5838 provides that the running of the statute is tolled for six months after the plaintiff discovers or should have discovered the existence of the claims. *Gambino v Cardamone,* 163 Mich App 574, 579; 414 NW2d 896 (1987). Thus, a legal malpractice action must be brought within two years of the date the attorney discontinues serving the plaintiff or within six months after the plaintiff discovers or should have discovered the existence of the claim. *Dowker v Peacock,* 152 Mich App 669, 671-672; 394 NW2d 65 (1986). The plaintiff may take advantage of whichever provision provides the longer period within which to file. *Chapman v Sullivan,* 161 Mich App 558, 563; 411 NW2d 754 (1987).

Plaintiff first contends that defendant did not "discontinue treating or otherwise serving" plaintiff as to the matters out of which the claim for malpractice arose until within two years of the date the complaint was filed. Plaintiff theorizes that defendant's retention of the corporate books and records and preparation of the corporation's 1983 minutes constituted an ongoing service and representation within two years of filing suit.

Defendant counters that these services did not specifically pertain to matters out of which the claim for malpractice arose, i.e., the sale of the business and the alleged failure of defendant to seek and obtain security for plaintiff's interest.

This Court has held that an attorney does not "discontinue treating or otherwise servicing his

client" for purposes of the malpractice statute of limitations until his client or the court relieves him of the obligation. *Chapman, supra,* p 561. In the present case, the record indicates that defendant discontinued serving plaintiff regarding the sale of the business on February 4, 1982, the date of the final billing submitted by defendant. After this date, defendant was not involved in any matters associated with the sale of the business as plaintiff had retained another attorney, Milton Marovich. Although defendant admitted that after plaintiff was represented by Marovich he was approached by Drennan's attorney and plaintiff in the courthouse hallway because he had knowledge of the sale of the business, defendant did not believe that he gave plaintiff any advice, opinions or comments on the sale of the business after February 4, 1982. Defendant did not represent plaintiff in any pending or proposed litigation after this date. Moreover, when deposed, plaintiff admitted that in April, 1982, Marovich represented him in connection with the sale of the business and, thereafter, he did not seek legal services from defendant regarding this matter. Thus, we conclude that plaintiff relieved defendant of his obligation in April, 1982, which was well over two years before plaintiff filed this action.

Plaintiff must therefore show that he did not or could not have discovered the existence of his claim until after March 21, 1984. As with other tort actions, damages are an element of a claim for legal malpractice. *Gambino, supra,* p 579. It is the fact of identifiable and appreciable loss, and not the finality of monetary damages, that gives birth to the cause of action. *Dowker, supra,* p 672.

This Court has been in accord with decisions from other jurisdictions which hold that the period of limitation on a malpractice claim begins to run

from the time the result of the attorney's inaction or delay is irremediable. *Dowker, supra,* p 673, and cases cited therein. Here, plaintiff filed for bankruptcy on November 21, 1983, and at this time plaintiff knew or should have known that he was damaged, i.e., that a debt was owing which could not be collected. On the bankruptcy petition, K73 Corporation is listed as one of the twenty largest unsecured creditors of Drennan's corporation, J.D.'s Dry Cleaning and Laundry, Incorporated. In addition, both Pook and K73 Corporation are listed as creditors having unsecured claims without priority, although no amounts for these claims are listed as they are characterized as "disputed." The claim is shown in the summary of debts and property as a contingent and unliquidated claim of $191,500. In addition, the personal property schedule describes the unsecured claim as a cause of action against Pook and K73 Corporation as a preference and fraudulent transfer.

We find the bankruptcy petition, on its face, was adequate notice to Pook that he was unsecured and no reasonable minds could differ on the question whether plaintiff knew his attorney may have committed malpractice at that moment. Because suit was not filed within six months, the claim is barred.

Although this determination is dispositive, we also take note of a January 18, 1982, letter written by Drennan's attorney to defendant, the contents of which stated in pertinent part:

> I have discussed one more time, with John, the giving of a Security Agreement and Financing Statement. These were not called for under the terms of the Agreement and, in order to preserve his flexibility sometime in the future, he is unwilling, at this time, to give the Security Agreement and Financing Statement.

Pook, by his own admission, received a copy of this letter shortly after it was written which he "supposed" he read. Moreover, Pook admitted that, had he read the letter, he would have understood that he was unsecured. Defendant argues that Pook's receipt of the letter initiated the six-month "discovery rule" which clearly should have led him to discover the existence of his malpractice claim against defendant. Plaintiff disagrees, arguing instead that he did not actually become aware that he was unsecured until the bankruptcy proceedings in 1983. We agree with defendant.

Finally, we have reviewed plaintiff's claim that he is entitled to an equitable tolling of the statute of limitations and find no merit on this basis.

In short, we conclude that the period of limitation had run on plaintiff's legal malpractice claim prior to the filing of the complaint. Accordingly, the trial court did not err by granting summary judgment under MCR 2.116(C)(7).

Affirmed.