NUGENT v WEED

Docket No. 117063. Submitted April 11, 1990, at Lansing. Decided May 21, 1990.

Robert G. Weed, an attorney, handled the various legal and investment affairs of plaintiffs, Theodore A. Nugent, Ted Nugent Enterprises, Inc., and others, from 1971 to 1977, in his individual capacity, and from 1977 to March, 1984, as the sole shareholder of Robert G. Weed, P.C. Weed also practiced in 1979 with the partnership Weed, McKelvey & Farrell. Plaintiffs discharged Weed in March of 1984 and on March 20, 1986, brought a malpractice action in the Ingham Circuit Court. A second amended complaint was filed on December 19, 1988. Count I alleged malpractice by Weed individually. Count II alleged malpractice by the professional corporation. Count III alleged malpractice by the partnership. The trial court, James T. Kallman, J., granted Robert Weed's motion for partial summary disposition on Count I and the partnership's motion for summary disposition on Count III on statute of limitations grounds. Plaintiffs appeal from the order granting partial summary disposition as to Count I.

The Court of Appeals *held:*

1. Under MCL 450.226; MSA 21.315(6), Weed remained liable individually for the alleged malpractice of the professional corporation.

2. The trial court erroneously dismissed Count I. The action against Weed, individually, was not time-barred. Plaintiffs' claim against Weed should not be cut short merely because Weed changed his legal form of doing business. Since Weed never discontinued servicing plaintiffs until March of 1984, plaintiffs' March, 1986, lawsuit, which was timely against the professional corporation, was timely against Weed, individually.

Reversed.

REFERENCES

Am Jur 2d, Attorneys at Law §§ 111, 219-221.

Liability of professional corporation of lawyers, or individual members thereof, for malpractice or other tort of another member. 39 ALR4th 556.

When statute of limitations begins to run upon action against attorney for malpractice. 32 ALR4th 260.

1. LIMITATION OF ACTIONS — MALPRACTICE.

> An action for legal malpractice must be brought within two years of the date the attorney discontinued servicing his client as to the matters out of which the claim for malpractice arose, or within six months after the plaintiff discovers or should have discovered the existence of the claim; an attorney does not discontinue servicing his client for such purposes until his client or the court relieves him of the obligation or until he completes a specific legal service he was retained to perform (MCL 600.5805[4], 600.5838; MSA 27A.5805[4], 27A.5838).

2. NEGLIGENCE — MISCONDUCT — CORPORATE OFFICERS, SHAREHOLD-ERS, AGENTS OR EMPLOYEES — PROFESSIONAL SERVICE CORPORA-TION ACT.

> The Professional Service Corporation Act provides that any officer, shareholder, agent or employee of a corporation organized under the act is personally and fully liable and accountable for any negligent or wrongful acts or misconduct committed by him, or by any person under his direct supervision and control, while rendering professional service on behalf of the corporation to the person for whom such professional services were being rendered (MCL 450.226; MSA 21.315[6]).

*Blaske & Blaske, P.C.* (by *Thomas H. Blaske* and *E. Robert Blaske*), for plaintiffs.

*Howard & Howard Attorneys, P.C.* (by *David C. Coey* and *Daniel L. Baker*), for Robert G. Weed.

Before: BRENNAN, P.J., and MAHER and NEFF, JJ.

BRENNAN, P.J. Plaintiffs appeal as of right the February 27, 1989, order granting partial summary disposition to defendant Robert G. Weed pursuant to MCR 2.116(C)(7) on the ground that the statute of limitations barred plaintiffs' professional malpractice claim against him. We reverse.

The relevant facts are undisputed by the parties. Plaintiff Theodore A. Nugent is a successful rock musician, owning a controlling interest in the remaining plaintiffs. Sometime in 1971 or 1972,

Nugent hired defendant Robert G. Weed as his attorney, who began to provide him with various forms of legal advice. In 1977, while still representing Nugent, Weed incorporated his practice and became Robert G. Weed, P.C. As Nugent's commercial success as a musician blossomed and he began making a large amount of money, Weed began to advise Nugent as to certain financial matters. Nugent fired Weed in 1984 after Nugent lost a substantial sum of money on his investments.

Weed's handling of Nugent's financial affairs culminated in the instant malpractice action which was filed on March 20, 1986. Plaintiffs' second amended complaint filed on December 19, 1988, contained three counts. Count I pled a cause of action in malpractice against Robert Weed in his individual capacity. Plaintiffs sought to hold Weed responsible individually, despite the fact that, according to the complaint, Robert G. Weed, P.C., was the "principle corporate form" in which Weed committed the malpractice. Count II alleged malpractice and negligence on behalf of Robert G. Weed, P.C. Counts I and II set forth an identical recitation of sixteen specific acts and omissions constituting the alleged malpractice. In addition, the complaint included a third count against Weed, McKelvey & Farrell, a law partnership with whom Weed practiced in 1979. This count was disposed of by summary disposition on statute of limitations grounds.

Defendant Weed sought dismissal of Count I, claiming that the action against him was time-barred since he had not practiced law as an individual since 1977. Alternatively, defendant Robert G. Weed, P.C., sought summary disposition regarding Count II on the ground that the alleged malpractice could only be attributable to it or Weed

individually, but not both. The trial court found that since Weed had not practiced as an individual since 1977, plaintiffs' claim against Weed, individually, filed in 1986, was time-barred.

Plaintiffs thereafter moved for reconsideration of the court's decision as to defendant Weed, arguing that under the Professional Service Corporation Act, MCL 450.226; MSA 21.315(6), defendant Weed remained personally liable for his malpractice committed on behalf of the professional corporation. Plaintiffs asserted that since the claim against the professional corporation was timely (within two years of its being discharged in March, 1984), their claim against Weed, individually, was timely as well. This argument was rejected by the trial court which again held that, since Weed had not practiced in his individual capacity since 1977, plaintiffs' action against Weed, individually, was time-barred.

It is this count which plaintiffs assert was erroneously dismissed. We agree.

The statute of limitations for legal malpractice is embodied in MCL 600.5805(4); MSA 27A.5805(4) and MCL 600.5838; MSA 27A.5838. Pursuant to these provisions, a malpractice action must be brought within two years of the date the attorney discontinued servicing his client as to the matters out of which the claim for malpractice arose, or within six months after the plaintiff discovers or should have discovered the existence of the claim. *Gambino v Cardamone,* 163 Mich App 574, 578; 414 NW2d 896 (1987), lv den 431 Mich 872 (1988).

In the instant case, it is undisputed that defendant Weed, in his individual capacity, ceased to represent plaintiffs in 1977 when he became Robert G. Weed, P.C. It is also undisputed that the malpractice claim against him was not brought until March of 1986, more than two years after

1977 and more than six months after March of 1984 when plaintiffs discovered their claim and fired Weed.

In urging that reversal is warranted, plaintiffs argue the suit against Robert Weed is rendered timely by § 6 of the Professional Service Corporation Act, MCL 450.226; MSA 21.315(6), which provides in part as follows:

> Nothing contained in this act shall be interpreted to abolish, repeal, modify, restrict or limit the law now in effect in this state applicable to the professional relationship and liabilities between the person furnishing the professional services and the person receiving such professional service and to the standards for professional conduct. *Any officer, shareholder, agent or employee of a corporation organized under this act shall remain personally and fully liable and accountable for any negligent or wrongful acts or misconduct committed by him, or by any person under his direct supervision and control, while rendering professional service on behalf of the corporation to the person for whom such professional services were being rendered.* [Emphasis added.]

Plaintiffs contend that, according to the emphasized language of the statute, Weed remained personally liable for services rendered on behalf of the professional corporation. Plaintiffs conclude that since the suit against Robert G. Weed, P.C., was timely, so was the action against Weed, individually.

Defendants do not dispute, and we agree, that, under this provision, Weed remained liable for malpractice committed on behalf of his professional corporation. However, this provision does not operate to save a cause of action against an attorney, individually, that was not timely. Nevertheless, we find plaintiffs' action against Weed,

individually, was not time-barred. Under Michigan law, an attorney does not "discontinue servicing" his client for purposes of the statute of limitations until his client or the court relieves him of the obligation or until he completes a specific legal service he was retained to perform. *K73 Corp v Stancati,* 174 Mich App 225, 228-229; 435 NW2d 433 (1988), lv den 432 Mich 897 (1989); *Chapman v Sullivan,* 161 Mich App 558, 561-562; 411 NW2d 754 (1987).

In the present case, Weed was not retained to perform any specific legal service. Instead, Weed, either as an attorney practicing individually or as the sole shareholder of Robert G. Weed, P.C., continuously handled Nugent's various legal and investment affairs from 1971 until March of 1984, at which time Nugent discharged him. The only changes that occurred during the entire course of Weed's representation was the legal form of his practice, a fact which the trial court found to be dispositive.

We do not believe that plaintiffs' claim against Weed should be cut short merely because Weed changed his legal form of doing business. Therefore, we conclude that since Weed never "discontinued servicing" Nugent until March of 1984, plaintiffs' March, 1986, lawsuit, which was timely against the professional corporation, was timely against Weed, individually.

Reversed.