**MICI CORPORATION, a Michigan corporation f/k/a ICI Corporation, et al., Appellants,**

**v.**

**MAGER, MONAHAN, SCOTT, & AL-BER, P.C., a Michigan professional corporation, et al., Appellees.**

No. 00–2242.

United States Court of Appeals, Sixth Circuit.

March 28, 2002.

Before MOORE, COLE, and FARRIS,* Circuit Judges.

PER CURIAM.

Appellant MICI Corp. appeals the judgment dismissing its legal malpractice claim against appellees Mager, Monahan, Scott & Alber, P.C., Phillip G. Alber, John M. Donaldson, and Robert S. Diedrich (collectively referred to as "Mager").[1] The district court dismissed MICI's action pursuant to Federal Rule of Civil Procedure 12(c) after determining that the claim was barred by the applicable Michigan state statute of limitations. We conclude that MICI's claim is not barred by the Michigan state statute of limitations. We vacate the judgment and remand for further proceedings consistent with this opinion.

## BACKGROUND

MICI filed a complaint on February 18, 1997, in the Eastern District of Michigan alleging various parties failed to amend its deferred compensation plans to conform to federal law. MICI appeals only the dismissal of its state legal malpractice claim against Mager. Because we are reviewing a judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c), we accept all of MICI's factual allegations as true for purposes of this appeal. *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 512 (6th Cir.2001).[2]

MICI's complaint involves two retirement plans: the ICI Profit Sharing Plan and the ICI Defined Benefit Plan.[3] The

---

* The Honorable Jerome Farris, United States Circuit Judge for the Ninth Circuit, sitting by designation.

1. Alber represented MICI while a member of various firms. For simplicity, "Mager" will include Alber even at times when Alber was not a member of Mager.

2. Although appellees filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) and the order granting the motion refers to 12(b)(6), the district court construed the motion as one for

judgment on the pleadings pursuant to Fed. R.Civ.P. 12(c), and we review the decision accordingly. We do not treat the judgment as a summary judgment because the district court dismissed pursuant to Fed.R.Civ.P. 12(c).

3. MICI, a Michigan corporation, has been formerly known as I.C.I. Corporation and Iacobelli Construction, Inc. during the existence of the plans.

Profit Sharing Plan was established in 1968, and the Defined Benefit Plan became effective retroactive to April 1, 1980.

MICI retained Mager as legal counsel. One of its responsibilities was to assist in the design, drafting and submission to the IRS of the Defined Benefit Plan for qualification in the early 1980s. Mager reviewed the Profit Sharing Plan as early as 1982, and either drafted or assisted in reviewing a draft of an amendment to the Defined Benefit Plan docketed for execution on March 17, 1985.

On June 5, 1989, Mager faxed a memorandum to MICI's comptroller, which was forwarded to the law firm of Lee & Gregory, P.C. The memorandum discussed April 23, 1987 findings of MICI tax advisers.

Lee & Gregory prepared a memorandum for MICI of possible problems with both the Profit Sharing and Defined Benefit plans. Lee & Gregory met with MICI plan trustees and management. discussed the memorandum, and requested a substantial retainer to proceed. MICI fiduciaries and management then met with Mager. Mager advised MICI that problems had been handled, any additional problems would be resolved if they existed, and concerns raised by Lee & Gregory were not meritorious and raised only to scare MICI into paying Lee & Gregory a large retainer.

On April 23, 1987, Mager discussed with members of a tax and management services group of C.P.A.'s and a plan administration specialist the Profit Sharing Plan's lack of compliance with federal law, amendment of the Profit Sharing Plan, proper funding of the Defined Benefit Plan, and possible exclusion of additional employees from the plans. Mager became aware of deficiencies in the Profit Sharing Plan and the Defined Benefits Plan on or about April 29, 1987. From 1989 to the present, Mager never advised MICI that the plans were out of compliance with federal law, and nothing was accomplished after this meeting with regard to the plans.

Consequently, both the Profit Sharing Plan and the Defined Benefit Plan have become disqualified under both the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq. and the Internal Revenue Code of 1986 ("IRC"), 26 U.S.C. § 1 et seq. MICI did not discover that the plans were out of compliance until after August 20, 1996, when it retained additional counsel for purposes of terminating the plans. MICI faces liability to plan participants as a plan fiduciary.

## STANDARD OF REVIEW

This court reviews de novo a judgment on the pleadings under Fed. R. Civ. Pro. 12(c). *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 511–12 (6th Cir.2001). "In reviewing the motion, we must construe the complaint in the light most favorable to the plaintiff, . . . and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claim that would entitle him to relief." *Id.* at 512.

## DISCUSSION

### A. Whether Statute of Limitations Bars Relief.

MICI contends that the district court erred by dismissing its state legal malpractice claim as barred by the state statute of limitations. We agree.

■ Under Michigan law, there are two statutory sources for determining the limitations period for a legal malpractice claim: section 600.5805(4) and section 600.5838 of the Michigan Compiled Laws. A plaintiff may file a legal malpractice claim under whichever provision provides the longer period of time to file. *K73*

*Corp. v. Stancati,* 174 Mich.App. 225, 435 N.W.2d 433, 434 (Mich.Ct.App.1988) (per curiam). Therefore, a legal malpractice action may be brought either within two years of the date the attorney discontinued serving his client "as to the matters out of which the claim for malpractice arose," or within six months after the plaintiff "discovers or should have discovered the existence of the claim." Mich. Comp. Laws §§ 600.5805(4) & 600.5838; *Nugent v. Weed,* 183 Mich.App. 791, 455 N.W.2d 409, 410 (Mich.Ct.App.1990).

Since MICI filed its complaint within the two-year statute of limitations period, we need not discuss whether the six-month statute of limitations period barred recovery.

### 1. Whether Mager Discontinued Serving MICI.

MICI contends that the two-year statute of limitations period never began to run because Mager never discontinued serving MICI. Although we must accept all of MICI's factual allegations as true, *Ziegler v. IBP Hog Mkt., Inc.,* 249 F.3d 509, 512 (6th Cir.2001), we are not bound to accept as true, unwarranted factual inferences, *see Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir.1987), or legal conclusions unsupported by well-pleaded facts, *Teagardener v. Republic–Franklin Inc. Pension Plan,* 909 F.2d 947, 950 (6th Cir.1990). Whether Mager "discontinued serving" MICI is a legal question. *See Chapman v. Sullivan,* 161 Mich.App. 558, 411 N.W.2d 754, 756 n. 2 (Mich.Ct.App. 1987).

■ An attorney does not discontinue serving his client until "his client or the court relieves him of the obligation or until he completes a specific legal service he was retained to perform." *Nugent,* 455 N.W.2d at 411. The district court determined that Mager had done no work on the plans after 1988. Because the claims

arose from the alleged mishandling of the plans, the district court concluded that the statute of limitations period began to run from that date. We disagree.

■ MICI did not allege that Mager was retained for the sole purpose of bringing the Profit Sharing and Defined Benefit plans into compliance with federal law. Rather, MICI alleged that after 1989, Mager "accomplished" nothing with respect to amending the plans to conform to changes in federal law. MICI further explained in its opposition to the motion to dismiss that Mager was corporate counsel to MICI and oversight of the plans was part of Mager's responsibilities.

Michigan case law distinguishes between legal representation provided for a specific transaction and ongoing legal representation in determining when an attorney discontinues serving his client. *See Chapman,* 411 N.W.2d at 755. Therefore, we must determine the type of legal representation Mager allegedly provided MICI.

In *K73 Corp.,* an attorney was retained for the sole purpose of representing a client in the sale of his business. *K73 Corp.,* 435 N.W.2d at 434–35. In that case, the court reasoned that the attorney discontinued serving the client once the legal work for the sale was completed. *See id.* at 435. In contrast, when an attorney provided ongoing representation, which included advice on a series of investments over a period of time, the court determined that the attorney was "not retained to perform any specific legal service," and, therefore, did not discontinue serving the client until the client relieved him of his duties. *See Nugent,* 455 N.W.2d at 411.

Mager's alleged legal representation more closely resembles the ongoing, legal representation provided in *Nugent* than the single transaction, legal representation provided in *K73 Corp.* The allegations in MICI's complaint are consistent with MICI's argument that Mager was its cor-

porate attorney up until the filing of its complaint and had a duty to advise MICI that the plans were out of compliance with federal law. Under this set of facts, Mager did not discontinue serving MICI until MICI relieved Mager of its duties as corporate counsel. The statute of limitations period did not begin to run until that time.

We stress that at this early stage in the litigation we only determine whether "the plaintiff undoubtedly can prove no set of facts in support of his claim that would entitle him to relief." *Ziegler*, 249 F.3d at 511–12. We recognize that at summary judgment, the record may support a different conclusion.

## CONCLUSION

On the record before us, the statute of limitations does not bar MICI's legal malpractice claim. The judgment dismissing MICI's legal malpractice claim is vacated, and the action is remanded for further proceedings consistent with this opinion.

**VACATED and REMANDED.**

